**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



---

IN RE *EX PARTE* APPLICATION OF
SPS I FUNDO DE INVESTIMENTO DE AÇÕES –
INVESTIMENTO NO EXTERIOR

                           *Petitioner,*

For an Order Pursuant to 28 U.S.C. § 1782 to Take
Discovery for use in Contemplated Proceeding in the
Federative Republic of Brazil.

---

No. Misc. 22-MC-118 (LAK)

## [~~PROPOSED~~] ORDER

Upon consideration of the *ex parte* application of SPS I Fundo de Investimento de Ações

– Investimento no Exterior ("**Petitioner**") in application for an order permitting Petitioner to

obtain discovery from from J.P. Morgan Chase Bank, N.A. ("**JPM**") and from Barclays USA,

Inc. ("**Barclays**" and with JPM, each a "**Respondent**" and together the "**Respondents**") for use

in a contemplated foreign legal proceeding pursuant to 28 U.S.C. § 1782 (the "**Application**"*).*

and all papers submitted in support thereof including the supporting memorandum of law and

exhibits attached thereto, including the Gonzalez Declaration[1], Plea Agreement and JPM

Statement, this Court finds that (1) the statutory requirements of Section 1782 are satisfied, (2) the

_(subject to subsequent proceedings)_

factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices,*

*Inc.,* 542 U.S. 241 (2004), weigh in favor of granting the Application and (3) granting the

Application *ex parte* is warranted under the circumstances and will not prejudice the rights of

Respondent to move to vacate this Order or quash Petitioner's discovery requests authorized

hereunder.  It is therefore:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

ORDERED that the Application is granted; and it is further

ORDERED that Petitioner is authorized to conduct discovery in this District relating to the issued identified in the Application and supporting papers for use in the Brazilian Proceedings in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, including without limitation by issuing [having the Clerk] [~~by~~ ~~issuing~~] Respondents subpoenas for the production of documents in the forms annexed hereto as Exhibits 1-2, respectively; and it is further

ORDERED that counsel for Petitioner are hereby appointed to ~~issue, sign, and~~ serve subpoenas upon Respondents and ~~any~~ take testimony in this matter ~~may be taken~~ before any certified court reporter authorized to take testimony and administer oaths, and such court reporters are hereby authorized to take testimony in this matter; and it is further

ORDERED that Petitioners' counsel shall serve a copy of this Order and all papers upon which it was based together with said subpoenas; and it is further

ORDERED that Respondents are directed to comply with the subpoenas in accordance with the Federal Rules of Civil Procedure and Local Civil Rules of this District and Rules of this Court, as applicable; *provided, however,* that this Order is without prejudice to the rights of Respondent to file a motion to vacate [modify,] or quash; and it is further

ORDERED that Petitioner is authorized in its discretion to use or not use any discovery obtained by this Order in aid of the Brazilian Proceedings without further leave of this Court; and it is further

ORDERED that this Court has and shall retain jurisdiction over this matter.

SO ORDERED:

Date: ___4|26___, 2022

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

SUBPOENA FOR PRODUCTION OF DOCUMENTS

J.P. Morgan Chase Bank, N.A.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York ▾

| | |
|---|---|
| SPS I Fundo de Investimento de Ações – Investimen | ) |
| *Plaintiff* | ) |
| v. | ) |
| In re Application pursuant to 28 U.S.C. § 1782 for discovery in aid of foreign proceeding | ) |
| *Defendant* | ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           J.P.Morgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See Attachment

| Place: Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, attn: Jeremy C. Hollembeak | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

      *CLERK OF COURT*

                            OR

_____          /s/ Jeremy C. Hollembeak
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ____Petitioner____

SPS I Fundo de Investimento de Ações – Investimento no Exterior____ , who issues or requests this subpoena, are:

Jeremy C. Hollembeak, Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, Email: jhollembeak@bairdholm.com, Tel: (402) 636-8317

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                                                                    *Server's signature*

                                                                                    _____
                                                                                    *Printed name and title*

                                                                                    _____
                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

## DOCUMENTS TO BE PRODUCED

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, You are required to produce the documents and/or communications in Your possession, custody, or control responsive to the requests for production ("**Requests**") set forth below, at the place, date, and time specified in the document subpoena to which this schedule is attached, or at such other time as may be agreed, in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases set forth below have the following meanings when used in the Requests:

1. The term "Applicant" shall mean SPS I Fundo de Investimento de Ações – Investimento no Exterior, or any other representative acting on its behalf.

2. "Agent" of an entity means a person or other entity with apparent or actual authority to act on the first entity's behalf for any purpose whatsoever, or any Affiliate or representative of the first entity, including but not limited to advisors, attorneys, consultants, employees, experts, fiduciaries, and insurers.

3. "Any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

4. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Communication" or "communications" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise)  whether orally or by document, telephone, telecopier, mail, fax, email, voicemail, cellular phone text message, instant message, personal delivery, or by any other means, be they analog, electronic or otherwise.

6. The terms "concerning," "concerns," "relating to," "referring to," "pertaining to," "reflecting," "evidencing,", "constituting" and any variant thereof , means relating to, regarding, referring to, concerning, reflecting, involving, pertaining to, containing, describing, evidencing, discussing,

analyzing, recording, embodying, or constituting the subject matter described in the category of documents.

7. "Document" or "documents" includes, but is not limited to, all accounts, accounting journals, addenda, advertising materials, agreements, analyses, bids, bills, blueprints, books, bulletins, calendars, canceled checks, cashbook, charts, checkbooks, check stubs, chronicle, computer software, contracts, contract memoranda, memoranda of conversations or communications, correspondence, delivery tickets, diagrams, diaries, drawings, electronic mail, estimates, facsimile sheets, financial statements, flow sheets, forms, graphs, index, index sheets, internal communications, instant messages, inter-office directives, invoices, job cost records, journals, ledgers, letters, lists, logbooks, magnetic tapes, manuals, maps, memoranda, microcards, microfilms, minutes, notes, orders, outlines, papers photographs, plans, price lists, printouts, proposals, purchase orders, quotations, Quickbook records, records, renderings, reports, requests, requisitions, schedules, sketches, statements, studies, summaries, tapes, telegrams, telephone bills, telephone message slips, text messages, time sheets, transcripts, transmittals, travel and expense accounts, vellums, videotapes, vouchers, work orders, WhatsApp communication, worksheets, writings and any other data or data compilation stored in any medium from which information can be obtained in your possession, custody, or control, or known to you, whether or not prepared by you. "Document" or "documents" also includes all copes which are not identical with the original. In addition, each request should be considered as including all copies, and to the extend applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of document but not on the original or other copies thereof). The term "Documents" includes both hard copy documents and electronically stored information ("ESI"), including email, instant messaging, shared network files, databases, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage devices) stored as either an "active" or backup file, in its Native Format.

8. "Each" shall be construed to include the word "every", and "every" shall be construed to include the word "each".

9. The term "including" shall mean including without limitation.

10. "Person" refers to a natural person, group of natural persons acting as individuals or group of persons acting in a collective capacity (e.g., as a committee, board of directors, etc.) or any legal entity, including, without limitation, any business or governmental entity or associations, including a governmental agency, corporation, partnership, sole proprietorship, trust, or business entity in any form.

11. The term "Property" shall mean, without limitation, any and all (a) real property; (b) intangible property of any kind, including, but not limited to, cash and its equivalents denominated in any currency, digital currency of any kind, stocks, mutual funds, other securities of any kind, bonds, debentures, promissory notes, or insurance policies; (c) tangible property of any kind; and (d) any interest You may hold in any such Property, including, but not limited to, any security interest, lien, or mortgage of any kind.

12. The term "wire transfer" shall mean any wire, electronic transfer of funds or other meaning set forth in Article 4A of New York's Uniform Commercial Code.

13. "Unifleisch UK" shall mean the British private limited company Unifleisch Limited incorporated on September 11, 2007, in London (Company number 06367987) and/or any of its parent companies, affiliates, subsidiaries, shareholders, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns, and attorneys to include.

14. "Unifleisch SA" shall mean the Swiss private limited company incorporated on May 03, 2002, and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

15. "Valdarco" shall mean the Panama company "Valdarco Investments, Inc.", incorporated on April 04, 2008 (Company number 611024S), and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

16. "Lunsville" shall mean the Panama company "Lunsville International, Inc.", incorporated on May 11, 2001 (Company number 399651S), and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

17. "Joesley Batista" shall mean Joesley Mendonça Batista, a Brazilian citizen, with birth date February 5, 1972, and/or his spouse and/or children.

18. "Wesley Batista" shall mean Wesley Mendonça Batista, a Brazilian citizen, with birth date April 9, 1970, and/or his spouse and/or children.

19. "JBS" shall mean JBS S.A. and/or any of its parent companies/persons (including, but not limited to, shareholders and/or equity holders in general), subsidiary companies, affiliated companies, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and/or attorneys to include, but not limited to: J&F Investimentos S.A.; ZMF Participacoes Investimento Fund; JBS Global Luxembourg S.A.R.L.; JBS Wisconsin Properties, LLC; JBS Wisconsin LLC; JBS Ansembourg Holding S.A.R.L.; JBS Luxembourg S.A.R.L.; JBS Holding Luxembourg S.A.R.L.; JBS Petrussa Finance S.A.R.L.; JBS USA Lux S.A.; JBS USA Holdings, Inc.; JBS USA Food Co.; JBS Global UK; JBS Food Canada ULC; JBS La Rochette S.A.R.L.; JBS Australia Pty Ltd.; JBS USA Food Company Holdings; Pilgrims Pride Corp.; Pilgrim's Pride Co.; Moy Park Holdings (Europe) Ltd.; FB Participacoes S.A.; Beef Brazil; Friboi S/A; Seara Foods; Primo Smallfoods; Burcher PTY Ltd.; Rigamonti; Toledo; Meat Snacks; Swift Beef Company; and/or Swift Pork Company.

## INSTRUCTIONS

1. Unless otherwise specified (or subsequently agreed by the parties or ordered by the Court), these requests seek documents created from May 11, 2001, through the date an order is granted on the Application.

2. In response to these items to be produced, you are required to produce all responsive documents in your possession, custody, or control, including documents in the possession of, or available or accessible to, you or your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, or employees.

3. A document is deemed to be in your possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person and you (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that you may use,

inspect, examine, or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4. These instructions and the description of the items to be produced are to be read and interpreted in accordance with the definitions set forth above.

5. For the purposes of reading, interpreting, or construing the scope of these items to be produced, the terms used shall be given their most expansive and inclusive interpretation.

6. Unless instructed otherwise, each item to be produced shall be construed independently and not by reference to any other request for the purpose of limitation.

7. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

8. If any portion of any document is responsive to any item to be produced, then the entire document must be produced. If any requested item to be produced cannot be produced in full, please produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document.

9. All documents must be produced in their entirety, including all attachments, appendices, exhibits and enclosures, and in their original folder, binder, or other cover or container unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document. Oversize figures and drawings must be produced in their entirety.

10. Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they appear in your files or shall be organized and labeled to correspond to the categories of the items to be produced. If a document to be produced is responsive to more than one item, that document shall be labeled to correspond to each item to which it is responsive. Documents shall not be shuffled or otherwise rearranged. Documents that were stapled, clipped, or otherwise fastened together in their original condition shall be produced in such form as to indicate the original grouping.

11. You have a duty to conduct a reasonable investigation to locate and produce the items to be produced.

12. If you withhold any document under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, you shall provide a written privilege log that sets forth the following information:

(a) which privilege is claimed;

(b) who is asserting the privilege;

(c) a precise statement of the facts upon which said claim of privilege is based;

(d) the following information describing each purportedly privileged document:

i) a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

ii) a brief description sufficient to identify its subject matter and purpose of the document;

(e) the date it was prepared;

(f) the date it bears;

(g) the date it was sent;

(h) the date it was received;

(i) the identity of the person preparing it;

(j) the identity of the person sending it;

(k) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

(l) a statement as to whom each identified person represented or purported to represent at all relevant times; and

(m) all persons to whom its contents have been disclosed; and

17. If you object to any part of any item to be produced, you shall state fully the nature of the objection, in writing, and shall nonetheless comply fully with the other parts of the item to be produced not objected to.

18. These requests are continuing in nature. If, after producing any documents in response to these requests, you obtain or become aware of additional responsive information or documents, you should provide such information or documents by way of a supplemental production.

19. Applicant reserves its right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitations, the making of notes thereon.

## FORMS OF PRODUCTION

### A. Production of Hard Copy Documents – Format

1. Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e. .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software shall maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

### B. Production of ESI

2. Format: Electronically stored information ("ESI") should be produced in single page, black and white, TIFF Group IV, 300 DPI TIFF images, with the exception of spreadsheet type files, source code, audio and video files, which should be produced in native format. TIFFs should show any

(n) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

13. If a portion of any document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document, identifying those portions of the document which are not being produced. For each document that is redacted, in addition to providing the redacted version of the document, furnish logs which comply with the legal requirements under federal law, but at a minimum will include the following information:

(a) The Begin Production ID of the document;

(b) The End Production ID of the document;

(c) A description of why privilege is being asserted over the document; and

(d) Which privilege is asserted.

14. Privilege and redaction logs may be produced on a rolling basis. You shall provide the logs and supplements for each production within thirty (30) days of each given production date.

15. If, with respect to any item to be produced, there are no responsive documents, so state in writing.

16. When a document or communication has been identified, but is alleged to be no longer in your possession, custody, or control, you are required to identify the location of the document or communication, and the individual or individuals, including the responding party's counsel, having possession, custody, or control over the document or communication. No documents or communications called for by this Subpoena shall be destroyed, modified, removed, transferred, or otherwise made inaccessible. If you have knowledge that a responsive document or communication has been destroyed, discarded or lost, identify in a sworn affidavit the document and/or communication and provide an explanation of the destruction, discarding, loss, or disposal; the date at which the document and/or communication was destroyed, discarded, or lost; the method in which it was destroyed or discarded; and for what purpose it was destroyed or discarded.

and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.

3. Format – Native Files: If a document is produced in native format, a single-page, Bates-stamped image slip sheet stating the document has been produced in native format should also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

4. De-Duplication: You should remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN field should list each custodian, separated by a semi-colon, who was a source of that document and the FILEPATH field will list each file path, separated by a semi-colon that was a source of that document. Should the CUSTODIAN or FILEPATH metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

5. Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

6. Compressed Files Types: Compressed file types (i.e. .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

7. Redactions: If you redact documents produced in native format, you must ensure that proper formatting and usability are maintained.

## DOCUMENTS TO BE PRODUCED

Request No. 1: All documents sufficient to identify any accounts or Property J.P. Morgan Chase Bank, N.A. holds for Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. or in which those companies hold a beneficial interest.

Request No. 2: all documents sufficient to identify any transaction effected by J.P. Morgan Chase Bank, N.A. concerning Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. or any account or Property in which those companies hold beneficial interest.

Request No. 3: All documents and communications concerning Joesley Batista, Wesley Batista, J&F and/or JBS in connection with Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA, including documents sufficient to identify any transaction between those parties.

Request No. 4: All financial statements, bank statements, accounting records, and financial reports of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK including, but not limited to, those relating to financial transactions and/or all transfers of funds into and out of the financial and/or bank accounts of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 5: All corporation formation records and filings of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 6: All documents and communications concerning the incorporation of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 7: All documents and communications related to Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK concerning to the FinCen Files.

Request No. 8: All "Know Your Client" reports concerning Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 9: All documents and communications concerning Unifleisch UK and/or Unifleisch SA in connection with Lunsville and/or Valdarco.

Request No. 10: Documents sufficient to identify any wire transfers that were either originated or received by Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. in which J.P. Morgan Chase Bank, N.A. acted solely as an originating, intermediary bank or correspondent bank to CHIPS, SWIFT, Fedwire, or otherwise to facilitate an interbank funds transfer.

Request No. 11: Documents sufficient to identify any orders, instructions, confirmations or summaries for any wire transfer originated or received by Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA.

Request No. 12: To the extent not included in the previous requests above, documents sufficient to identify any CHIPS, SWIFT, or Fedwire payment message regarding any wire transfer mentioning or otherwise concerning Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. in which J.P. Morgan Chase Bank, N.A. acted solely as an originating, intermediary bank or correspondent bank to CHIPS, SWIFT, Fedwire, or otherwise to facilitate an interbank funds transfer.

DOCS/2798143.1

EXHIBIT 2

SUBPOENA FOR PRODUCTION OF DOCUMENTS

Barclays USA, Inc.

DOCS/2798417.1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York   [▼]

| | |
|---|---|
| SPS I Fundo de Investimento de Ações – Investimen | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| In re Application pursuant to 28 U.S.C. § 1782 for | ) |
| discovery in aid of foreign proceeding | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Barclays USA, Inc.

---
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

>       See Attachment

| Place:  Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, attn: Jeremy C. Hollembeak | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jeremy C. Hollembeak |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Petitioner
SPS I Fundo de Investimento de Ações – Investimento no Exterior     , who issues or requests this subpoena, are:

Jeremy C. Hollembeak, Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, Email: jhollembeak@bairdholm.com, Tel: (402) 636-8317

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*        .

    ☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*        ; or

    ☐ I returned the subpoena unexecuted because:

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$        .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## <u>Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)</u>

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see <u>Fed. R. Civ. P. 45(a)</u> Committee Note (2013).

## Attachment A

## DOCUMENTS TO BE PRODUCED

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, You are required to produce the documents and/or communications in Your possession, custody, or control responsive to the requests for production ("**Requests**") set forth below, at the place, date, and time specified in the document subpoena to which this schedule is attached, or at such other time as may be agreed, in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases set forth below have the following meanings when used in the Requests:

1. The term "Applicant" shall mean SPS I Fundo de Investimento de Ações – Investimento no Exterior, or any other representative acting on its behalf.

2. "Agent" of an entity means a person or other entity with apparent or actual authority to act on the first entity's behalf for any purpose whatsoever, or any Affiliate or representative of the first entity, including but not limited to advisors, attorneys, consultants, employees, experts, fiduciaries, and insurers.

3. "Any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

4. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Communication" or "communications" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise)  whether orally or by document, telephone, telecopier, mail, fax, email, voicemail, cellular phone text message, instant message, personal delivery, or by any other means, be they analog, electronic or otherwise.

6. The terms "concerning," "concerns," "relating to," "referring to," "pertaining to," "reflecting," "evidencing,", "constituting" and any variant thereof , means relating to, regarding, referring to, concerning, reflecting, involving, pertaining to, containing, describing, evidencing, discussing,

analyzing, recording, embodying, or constituting the subject matter described in the category of documents.

7. "Document" or "documents" includes, but is not limited to, all accounts, accounting journals, addenda, advertising materials, agreements, analyses, bids, bills, blueprints, books, bulletins, calendars, canceled checks, cashbook, charts, checkbooks, check stubs, chronicle, computer software, contracts, contract memoranda, memoranda of conversations or communications, correspondence, delivery tickets, diagrams, diaries, drawings, electronic mail, estimates, facsimile sheets, financial statements, flow sheets, forms, graphs, index, index sheets, internal communications, instant messages, inter-office directives, invoices, job cost records, journals, ledgers, letters, lists, logbooks, magnetic tapes, manuals, maps, memoranda, microcards, microfilms, minutes, notes, orders, outlines, papers photographs, plans, price lists, printouts, proposals, purchase orders, quotations, Quickbook records, records, renderings, reports, requests, requisitions, schedules, sketches, statements, studies, summaries, tapes, telegrams, telephone bills, telephone message slips, text messages, time sheets, transcripts, transmittals, travel and expense accounts, vellums, videotapes, vouchers, work orders, WhatsApp communication, worksheets, writings and any other data or data compilation stored in any medium from which information can be obtained in your possession, custody, or control, or known to you, whether or not prepared by you. "Document" or "documents" also includes all copes which are not identical with the original. In addition, each request should be considered as including all copies, and to the extend applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of document but not on the original or other copies thereof). The term "Documents" includes both hard copy documents and electronically stored information ("ESI"), including email, instant messaging, shared network files, databases, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage devices) stored as either an "active" or backup file, in its Native Format.

8. "Each" shall be construed to include the word "every", and "every" shall be construed to include the word "each".

9. The term "including" shall mean including without limitation.

10. "Person" refers to a natural person, group of natural persons acting as individuals or group of persons acting in a collective capacity (e.g., as a committee, board of directors, etc.) or any legal entity, including, without limitation, any business or governmental entity or associations, including a governmental agency, corporation, partnership, sole proprietorship, trust, or business entity in any form.

11. The term "Property" shall mean, without limitation, any and all (a) real property; (b) intangible property of any kind, including, but not limited to, cash and its equivalents denominated in any currency, digital currency of any kind, stocks, mutual funds, other securities of any kind, bonds, debentures, promissory notes, or insurance policies; (c) tangible property of any kind; and (d) any interest You may hold in any such Property, including, but not limited to, any security interest, lien, or mortgage of any kind.

12. The term "wire transfer" shall mean any wire, electronic transfer of funds or other meaning set forth in Article 4A of New York's Uniform Commercial Code.

13. "Unifleisch UK" shall mean the British private limited company Unifleisch Limited incorporated on September 11, 2007, in London (Company number 06367987) and/or any of its parent companies, affiliates, subsidiaries, shareholders, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns, and attorneys to include.

14. "Unifleisch SA" shall mean the Swiss private limited company incorporated on May 03, 2002, and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

15. "Valdarco" shall mean the Panama company "Valdarco Investments, Inc.", incorporated on April 04, 2008 (Company number 611024S), and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

16. "Lunsville" shall mean the Panama company "Lunsville International, Inc.", incorporated on May 11, 2001 (Company number 399651S), and/or any of its parent companies, affiliates, subsidiaries, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and attorneys.

17. "Joesley Batista" shall mean Joesley Mendonça Batista, a Brazilian citizen, with birth date February 5, 1972, and/or his spouse and/or children.

18. "Wesley Batista" shall mean Wesley Mendonça Batista, a Brazilian citizen, with birth date April 9, 1970, and/or his spouse and/or children.

19. "JBS" shall mean JBS S.A. and/or any of its parent companies/persons (including, but not limited to, shareholders and/or equity holders in general), subsidiary companies, affiliated companies, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns and/or attorneys to include, but not limited to: J&F Investimentos S.A.; ZMF Participacoes Investimento Fund; JBS Global Luxembourg S.A.R.L.; JBS Wisconsin Properties, LLC; JBS Wisconsin LLC; JBS Ansembourg Holding S.A.R.L.; JBS Luxembourg S.A.R.L.; JBS Holding Luxembourg S.A.R.L.; JBS Petrussa Finance S.A.R.L.; JBS USA Lux S.A.; JBS USA Holdings, Inc.; JBS USA Food Co.; JBS Global UK; JBS Food Canada ULC; JBS La Rochette S.A.R.L.; JBS Australia Pty Ltd.; JBS USA Food Company Holdings; Pilgrims Pride Corp.; Pilgrim's Pride Co.; Moy Park Holdings (Europe) Ltd.; FB Participacoes S.A.; Beef Brazil; Friboi S/A; Seara Foods; Primo Smallfoods; Burcher PTY Ltd.; Rigamonti; Toledo; Meat Snacks; Swift Beef Company; and/or Swift Pork Company.

## **INSTRUCTIONS**

1. Unless otherwise specified (or subsequently agreed by the parties or ordered by the Court), these requests seek documents created from May 11, 2001, through the date an order is granted on the Application.

2. In response to these items to be produced, you are required to produce all responsive documents in your possession, custody, or control, including documents in the possession of, or available or accessible to, you or your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, or employees.

3. A document is deemed to be in your possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person and you (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that you may use,

inspect, examine, or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4. These instructions and the description of the items to be produced are to be read and interpreted in accordance with the definitions set forth above.

5. For the purposes of reading, interpreting, or construing the scope of these items to be produced, the terms used shall be given their most expansive and inclusive interpretation.

6. Unless instructed otherwise, each item to be produced shall be construed independently and not by reference to any other request for the purpose of limitation.

7. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

8. If any portion of any document is responsive to any item to be produced, then the entire document must be produced. If any requested item to be produced cannot be produced in full, please produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document.

9. All documents must be produced in their entirety, including all attachments, appendices, exhibits and enclosures, and in their original folder, binder, or other cover or container unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document. Oversize figures and drawings must be produced in their entirety.

10. Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they appear in your files or shall be organized and labeled to correspond to the categories of the items to be produced. If a document to be produced is responsive to more than one item, that document shall be labeled to correspond to each item to which it is responsive. Documents shall not be shuffled or otherwise rearranged. Documents that were stapled, clipped, or otherwise fastened together in their original condition shall be produced in such form as to indicate the original grouping.

11. You have a duty to conduct a reasonable investigation to locate and produce the items to be produced.

12. If you withhold any document under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, you shall provide a written privilege log that sets forth the following information:

    (a) which privilege is claimed;

    (b) who is asserting the privilege;

    (c) a precise statement of the facts upon which said claim of privilege is based;

    (d) the following information describing each purportedly privileged document:

        i) a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

        ii) a brief description sufficient to identify its subject matter and purpose of the document;

    (e) the date it was prepared;

    (f) the date it bears;

    (g) the date it was sent;

    (h) the date it was received;

    (i) the identity of the person preparing it;

    (j) the identity of the person sending it;

    (k) the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    (l) a statement as to whom each identified person represented or purported to represent at all relevant times; and

    (m) all persons to whom its contents have been disclosed; and

(n) a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

13. If a portion of any document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document, identifying those portions of the document which are not being produced. For each document that is redacted, in addition to providing the redacted version of the document, furnish logs which comply with the legal requirements under federal law, but at a minimum will include the following information:

(a) The Begin Production ID of the document;

(b) The End Production ID of the document;

(c) A description of why privilege is being asserted over the document; and

(d) Which privilege is asserted.

14. Privilege and redaction logs may be produced on a rolling basis. You shall provide the logs and supplements for each production within thirty (30) days of each given production date.

15. If, with respect to any item to be produced, there are no responsive documents, so state in writing.

16. When a document or communication has been identified, but is alleged to be no longer in your possession, custody, or control, you are required to identify the location of the document or communication, and the individual or individuals, including the responding party's counsel, having possession, custody, or control over the document or communication. No documents or communications called for by this Subpoena shall be destroyed, modified, removed, transferred, or otherwise made inaccessible. If you have knowledge that a responsive document or communication has been destroyed, discarded or lost, identify in a sworn affidavit the document and/or communication and provide an explanation of the destruction, discarding, loss, or disposal; the date at which the document and/or communication was destroyed, discarded, or lost; the method in which it was destroyed or discarded; and for what purpose it was destroyed or discarded.

17. If you object to any part of any item to be produced, you shall state fully the nature of the objection, in writing, and shall nonetheless comply fully with the other parts of the item to be produced not objected to.

18. These requests are continuing in nature. If, after producing any documents in response to these requests, you obtain or become aware of additional responsive information or documents, you should provide such information or documents by way of a supplemental production.

19. Applicant reserves its right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitations, the making of notes thereon.

## FORMS OF PRODUCTION

### A. Production of Hard Copy Documents – Format

1. Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e. .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software shall maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

### B. Production of ESI

2. Format: Electronically stored information ("ESI") should be produced in single page, black and white, TIFF Group IV, 300 DPI TIFF images, with the exception of spreadsheet type files, source code, audio and video files, which should be produced in native format. TIFFs should show any

and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.

3. Format – Native Files: If a document is produced in native format, a single-page, Bates-stamped image slip sheet stating the document has been produced in native format should also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

4. De-Duplication: You should remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN field should list each custodian, separated by a semi-colon, who was a source of that document and the FILEPATH field will list each file path, separated by a semi-colon that was a source of that document. Should the CUSTODIAN or FILEPATH metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

5. Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

6. Compressed Files Types: Compressed file types (i.e. .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

7. Redactions: If You redact documents produced in native format, you must ensure that proper formatting and usability are maintained.

## DOCUMENTS TO BE PRODUCED

Request No. 1: All documents sufficient to identify any accounts or Property Barclays USA, Inc. holds for Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. or in which those companies hold a beneficial interest.

Request No. 2: all documents sufficient to identify any transaction effected by Barclays USA, Inc. concerning Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. or any account or Property in which those companies hold beneficial interest.

Request No. 3: All documents and communications concerning Joesley Batista, Wesley Batista, J&F and/or JBS in connection with Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA, including documents sufficient to identify any transaction between those parties.

Request No. 4: All financial statements, bank statements, accounting records, and financial reports of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK including, but not limited to, those relating to financial transactions and/or all transfers of funds into and out of the financial and/or bank accounts of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 5: All corporation formation records and filings of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 6: All documents and communications concerning the incorporation of Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 7: All documents and communications related to Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK concerning to the FinCen Files.

Request No. 8: All "Know Your Client" reports concerning Lunsville International, Inc., Valdarco Investments Ltd., Unifleisch SA and/or Unifleisch UK.

Request No. 9: All documents and communications concerning Unifleisch UK and/or Unifleisch SA in connection with Lunsville and/or Valdarco.

Request No. 10: Documents sufficient to identify any wire transfers that were either originated or received by Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. in which Barclays USA, Inc. acted solely as an originating, intermediary bank or correspondent bank to CHIPS, SWIFT, Fedwire, or otherwise to facilitate an interbank funds transfer.

Request No. 11: Documents sufficient to identify any orders, instructions, confirmations or summaries for any wire transfer originated or received by Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA.

Request No. 12: To the extent not included in the previous requests above, documents sufficient to identify any CHIPS, SWIFT, or Fedwire payment message regarding any wire transfer mentioning or otherwise concerning Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA. in which Barclays USA, Inc. acted solely as an originating, intermediary bank or correspondent bank to CHIPS, SWIFT, Fedwire, or otherwise to facilitate an interbank funds transfer.

DOCS/2798148.1