**quinn emanuel** trial lawyers | New York, NY

51 Madison Ave 22nd floor, New York, New York 10010| TEL (212) 849-7000| FAX (212) 849 7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**
WRITER'S EMAIL ADDRESSES
michaelcarlinsky@quinnemanuel.com

May 3, 2022

**VIA ECF**
Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21B
New York, NY 10007

Re:   *In re Ex Parte Application of SPS I Fundo De Investimento De Ações – Investimento No Exterior,* 22-MC-00118-LAK

Dear Judge Kaplan:

We represent Joesley Batista, Wesley Batista, JBS S.A., and J&F Investimentos S.A. (collectively, the "Proposed Intervenors"), whose rights and interests are implicated in the above-captioned discovery matter. We write to respectfully request that the Court permit the Proposed Intervenors to intervene in order to oppose the discovery sought by filing a motion to vacate the Court's April 26, 2022 Order (the "Order") granting Applicant SPS I Fundo De Investimento De Ações – Investimento No Exterior's ("SPS" or "Applicant") *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782 (the "Application") and to quash the resulting subpoenas ("Subpoenas") issued to J.P. Morgan Chase Bank, N.A. ("JPM") and Barclays USA Inc. ("Barclays") (together, with JPM, "Respondents"). Counsel for SPS has indicated that it does not consent to Proposed Intervenors' intervention. Respondents do not object to the intervention.

As set forth below, Proposed Intervenors should be permitted to intervene here as a matter of right under Rule 24(a) and also as a matter of the Court's discretion under Rule 24(b). Proposed Intervenors timely request to intervene and have a direct legal interest in the subject matter of this proceeding because SPS seeks documents spanning a 21-year period concerning Proposed Intervenors and intends to use the evidence obtained here in pending and/or contemplated foreign actions against them. *See e.g.* Dkt. 6 at 2. Further, Proposed Intervenors' interests are not otherwise represented because no other party has appeared, nor does any other party have the same interest in protecting Proposed Intervenors' transactions and confidentiality and privilege interests. *See e.g.* Dkt. 7 at Doc. Requests No. 3 (requesting information, documents, and communications relating to the Proposed Intervenors).

**I.   Background**

SPS filed its Application on an *ex parte* basis on April 22, 2022, and on April 26, 2022 obtained the *ex parte* Order granting discovery from Respondents. The Proposed Intervenors

quinn emanuel urquhart & sullivan

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

wish to intervene in this action to move to vacate the Order and to quash Subpoenas by bringing the Court's attention to facts and objective evidence that demonstrate that the Application fails to meet the statutory requirements under Section 1782 and that the discretionary factors and the requirements under Federal Rules of Civil Procedure 26 and 45 weigh against granting discovery. Proposed Intervenors requested SPS's consent on April 28, 2022, and SPS refused to consent to Proposed Intervenors' intervention on May 2, 2022.

## II.     The Proposed Intervenors Should Be Permitted to Intervene As of Right

Under Federal Rule of Civil Procedure 24(a)(2), a Court must grant intervention where (1) the application is timely; (2) the applicant for intervention claims an interest relating to the property or transaction that is the subject of the action; (3) without intervention, the protection of that interest may be practically impaired or impeded by the disposition of the action; and (4) that interest is not adequately represented by the existing parties. *See United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999). Courts routinely grant intervention as of right in cases involving requests for judicial assistance under 28 U.S.C. § 1782. *See, e.g.*, *In re Rep. of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. § 1782,* 110 F. Supp. 3d 512, 514 (S.D.N.Y. 2015) (permitting intervention as of right in § 1782 action).

Here, the statutory requirements for intervention as of right are met. *First,* the Proposed Intervenors' intervention is timely. The timeliness of a motion to intervene is committed to the discretion of the district court and must be based on all circumstances of the case. *Dow Jones & Co., Inc. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995). Non-exhaustive factors that guide a timeliness analysis include "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1043 (2d Cir. 1988).   Here, the Proposed Intervenors' proposed intervention is brought to this Court's attention one week following the Order. *See In re Hornbeam Corp.*, No. 14-mc-00424, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (finding motion to intervene timely where non-party filed a motion within a month of discovering the 1782 proceedings). The Proposed Intervenors' intervention will not delay or prejudice the adjudication of rights, as the granted-Application was *ex parte* and Respondents have not yet been served with the Subpoenas or commenced production.  Further, there are no unusual circumstances militating against timeliness here, including no urgency in the purported foreign proceeding as it has yet to be commenced.

*Second*, the Proposed Intervenors have a "direct, substantial, and legally protectable" interest in the discovery because SPS seeks documents from Respondents relating to the Proposed Intervenors, to be purportedly used against Proposed Intervenors in SPS's "Contemplated Proceeding" and, as will be explained in Proposed Intervenors' motion to quash and vacate, in other proceedings as well, including a private arbitration SPS initiated against many of the Proposed Intervenors.[1] *See* Dkt. 6 at 2-3 ("The evidence sought in this Application

---

[1]    The Proposed Intervenors do not concede that the "Contemplated Proceeding" qualifies as a foreign proceeding under 28 U.S.C. § 1782.  If permitted by the Court to intervene, the

2

is for use by SPS in a contemplated complaint to be presented by SPS to the Brazilian's securities and exchange commission – Comissão de Valores Mobiliários (the 'CVM') against the Batista family. . . . SPS expects that its complaint will lead CVM to start an enforcement proceeding against the Batista family (the 'Contemplated Proceeding').");  Dkt. 7 at 2 (seeking proposed order to obtain evidence for undefined "Brazilian Proceedings" (plural)); Dkt. 7 at 16 (requesting "[a]ll documents and communications concerning Joesley Batista, Wesley Batista, J&F and/or JBS in connection with Lunsville, Valdarco, Unifleisch UK and/or Unifleisch SA, including documents sufficient to identify any transaction between those parties."); *Id.* at 31 (same). Both as a matter of law and of common sense, it is axiomatic that "a part[y] against whom the requested information will be used . . . has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself." *In re Hornbeam Corp.*, 2015 WL 13647606 at *3.

*Third,* without intervention, the protection of the Proposed Intervenors' interest in this proceeding would, as a practical matter, be impaired or impeded by the disposition of the action because an adverse decision could result in the disclosure of confidential and privileged information as well as compromise confidential business records and financial information, causing irreparable harm without even the opportunity to be heard. *See Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 21 (E.D.N.Y. 1996); *see also Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. 14-cv-00874-SLR/SRF, 2015 WL 5163035, at *2 (D. Del. Sept. 3, 2015).

*Fourth*, the Proposed Intervenors can meet their "minimal burden" to show that Respondents' representation of the Proposed Intervenors' interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972); *LaRouche v. FBI*, 677 F.2d 256, 258 (2d Cir. 1982). As an initial matter, the Respondents have not indicated they will oppose the Application or move to quash the subpoena so there is currently no other representation on which the Proposed Intervenors could rely on. *In re Hornbeam Corp.*, 2015 WL 13647606, at *3. And even if Respondents oppose the Application and Subpoenas, their interests would diverge from the Proposed Intervenors' because Respondents do not have the same stake in protecting the Proposed Intervenors' interests, privilege, and confidentiality as the documents sought will not be used against them in the foreign proceedings.

Thus, the requirements for intervention as of right are easily satisfied here.

### III. Alternatively, the Proposed Intervenors Should Be Permitted to Intervene Based on the Court's Discretion

Alternatively, the Proposed Intervenors should be allowed to intervene pursuant to Federal Rule of Civil Procedure 24(b), which authorizes the district court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties). A "claim or defense" requires only "some interest on the part of the applicant." *Dow Jones*, 161 F.R.D. at 254. Permissive intervention is "to be liberally construed" in favor of intervention,

---

Proposed Intervenors will brief this issue in their motion to vacate the Order and quash the Subpoenas.

3

*Degrafinreld v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006), and the Court's discretion is "very broad." *Dow Jones*, 161 F.R.D. at 254.

The Proposed Intervenors' strong interest in protecting their own confidential information, which SPS could seek to use against them in foreign proceedings, and the lack of any opposition to the Application provide compelling reasons for the Court to allow the Proposed Intervenors to permissively intervene to move to vacate the Order and/or quash the Subpoenas, as authorized. Indeed, courts have routinely granted motions to intervene in 28 U.S.C. § 1782 proceedings under Federal Rule 24(b). *See, e.g., In re Hornbeam Corp.*, 2015 WL 13647606 at *3 (granting motion to permissively intervene in 28 U.S.C. § 1782 proceeding); *De Leon v. Clorox Co.*, No. 19-mc-80296-DMR, 2020 WL 4584204, at *4 (N.D. Cal. Aug. 10, 2020) (same).

IV. **Proposed Next Steps**

For the reasons outlined above, Proposed Intervenors respectfully request that this Court grant their request to intervene in this action. Should intervention be granted, and in the interest of resolving this proceeding as efficiently as possible, Proposed Intervenors respectfully request that the Court toll Respondents' compliance with the Subpoenas until Proposed Intervenors' motion to vacate and/or quash is heard and resolved. *See In re Request for Int'l Judicial Assistance (Letter Rogatory) from the Fed. Rep. of Brazil*, 687 F. Supp. 880, 887-88 (S.D.N.Y. June 8, 1988) (staying enforcement of subpoenas pending resolution of threshold § 1782 issues); *In re Kidd*, No. 20-mc-00016 (KAD), 2020 WL 3035960 (D. Conn. June 5, 2020) (staying compliance with § 1782 subpoenas pending the court ruling on respondents' objections to magistrate judge's ruling denying their motion to quash); *Pennwalt Corp. v. Durand-Wayland*, 708 F.3d 492, 494 (9th Cir. 1983) (treating a motion to quash as the "'written objection" called for by the Rule" and thus finding that, "[h]aving objected, [the responding party] was not obligated to produce the subpoenaed documents … until [the subpoenaing party] obtained an order directing compliance."); *In Re Verifone, Inc.*, No. 18-mc-80087-VKD, 2018 WL 3532761, at *6 (N.D. Cal. July 23, 2018) (staying compliance with subpoena pending resolution of standing issue).[2] Respondents should not be burdened with discovery in the interim, particularly where the Subpoenas contain overly broad document requests spanning a 21 year time period and where issues of Brazilian law will weigh heavily on whether the 1782 Application was appropriate. SPS would suffer no prejudice if the Subpoenas are tolled because, inter alia, the purported foreign proceeding has not even commenced (nor will it, for the reasons Proposed Intervenors' will explain in their motion to quash/vacate) and SPS cannot and will not be a party to that proceeding.

Respectfully submitted,

*/s/Michael Carlinsky*
Michael Carlinsky

*Counsel for Joesley Batista, Wesley Batista, JBS S.A., and J&F Investimentos S.A.*

Cc:  All counsel of record (via email)

---

[2]  Counsel for Proposed Intervenors and Petitioner are conferring on a potential briefing schedule for Proposed Intervenors' motion to vacate the Order and quash the Subpoenas should the Court grant intervention.

4