

# EXHIBIT II



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 155

211.207(001) Livro 979 Fl. 155-163

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243 ---------**
**HEREBY CERTIFY IN GOOD FAITH ------------------------------------------------------------**
**THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS: -----------------------------------------------------------**

```
------------------------------------------------------------
Case 1:21-mc-00532-RGA Document 13-9 Filed 10/01/22 PageID
#:429 ------------------------------------------------------
EXHIBIT 9 --------------------------------------------------
(Coat of Arms) ---------------------------------------------
SECURITIES COMMISSION --------------------------------------
Rua Sete de Setembro, 111/2nd-5th and 23rd-34th floors,
Centro, Rio de Janeiro/RJ - CEP 20050-901 - Brazil - Tel:
(21) 3554-8686 --------------------------------------------
Rua Cincinato Braga, 340/2nd , 3rd e 4th Floors, Bela
Vista, São Paulo/ SP - CEP 01333-010 - Brazil - Tel: (11)
2146-2000 --------------------------------------------------
SCN Q.02 - Bl. A - Ed. Corporate Financial Center,
S.404/4th Floor, Brasília/DF - CEP 70712-900 - Brazil -
Tel: (61) 3327-2030/2031 -----------------------------------
www.gov.br/cvm ---------------------------------------------
CVM ADMINISTRATIVE SANCTIONING PROCESS 19957.008434/2019-
03 ---------------------------------------------------------
Reg. Col. nº 2200/21 ---------------------------------------
Defendant: -------------------------------------------------
Joesley Mendonça Batista -----------------------------------
```





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

Wesley Mendonça Batista -----------------------------------

Gilberto de Souza Biojone Filho ---------------------------

Natalino Bertin -------------------------------------------

Silmar Roberto Bertin -------------------------------------

Subject: Decision on the requests made by the defendants Joesley Mendonça Batista and Wesley Mendonça Batista in a petition dated 12.22.2021 -------------------------------

Rapporteur: Director Alexandre Costa Rangel --------------

Order -----------------------------------------------------

1. On 12.22.2021, defendants Joesley Mendonça Batista and Wesley Mendonça Batista ("Plaintiffs") filed a petition1 in which they requested: --------------------------------

1Docs. SEI 1415451 and 1415452. --------------------------

(i) the extension, for 15 additional working days, of the original time limit of 15 working days granted by my order of December 20, 200212 ("Order") for any additional statements by the defendants about the documents and information added to the case records by the SPS I Equity Investment Fund – Investment Abroad ("Fund") on October 22, 20213 , in view of the legal recess, the year-end festivities, and the complexity of the matter involved; and -------------------------------------------------------

2Doc. SEI 1413849. ----------------------------------------

3Docs. SEI 1373540, 1373541 and 1373542. -----------------

(ii) that a decision be immediately rendered recognizing the illegitimacy of the Fund's intervention in this administrative sanctioning process ("Process"), which would be irregular and cause serious external effects. In





REPÚBLICA FEDERATIVA DO BRASIL

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

this regard, the Plaintiffs note the distinction between the admissibility of the Fund's intervention in this Proceeding and the admissibility of the document and information joined by it to the file, arguing, in summary, that: --------------------------------------------------

(a) the Fund's conduct would cause direct damages to the Plaintiffs and have the sole purpose of exploit the CVM to serve its private interests, which would have been evidenced by the fact that the Fund had allegedly lied, before the Judicial Court of the State of Delaware, by stating that the CVM had admitted it as an "interested party" in the present lawsuit and had admitted the evidence it had joined in the records; --------------------

(b) continued indefiniteness on the Fund's intervention would cause undisputable disorder in this Process, which would have been repelled in a vote rendered in the scope of CVM PAS 19957.005983/2019-18, judged on 03.17.2020; and

(c) maintaining the current state of affairs would represent a bad precedent for other cases and would generate incentives for other agents to proceed similarly to the Fund in other sanctioning administrative proceedings. --------------------------------------------

2. With respect to request (i), I grant it, granting all defendants in this Case the extension of time requested by Plaintiffs. Therefore, I set, in total, at thirty (30) working days the deadline for eventual additional manifestations of the defendants about the documents and





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 158

information added to the records by the Fund, the respective initial term remaining unchanged. --------------
3. In turn, as to claim (ii), I consider it appropriate, before deciding on it, to recall some of the facts and circumstances of this Case. -----------------------------
4. On October 22, 2021, the Fund, a third party that is not part of the legal-procedural relationship established in this Case, filed a petition in which it pleaded, in summary, that the documents and information it had attached to these records be taken into consideration in the judgment of this Case. It would allegedly be public information that "could contribute to the analysis of the Case." Subsequently, on November 12, 2021, the Fund filed a new petition (hereinafter referred to, together with the petition filed on October 22, 2021 by the Fund, as the "Statements") by means of which it only attached a private power of attorney5. ---------------------------------------
4 The documents attached to the records by the Fund consist of the "Private Instrument of Commitment for the Sale and Purchase of Shares of a Stock Company and Other Covenants" and the respective amendment, both dated August 12, 2009 (Doc. SEI 1373542). Such documents, according to the Fund, would stipulate the real terms and conditions of the operation of incorporation of Bertin S.A. shares by JBS S.A. investigated in this Case and would have become public through the final report of the BNDES CPI, of October 2019. The report in question is available on the Internet





REPÚBLICA FEDERATIVA DO BRASIL
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 159

(https://www.camara.leg.br/proposicoesWeb/prop_mostrarintegra?codteor=1817616&filename=REL+1/2019+CPIBNDES) and the contract and the addendum in question are part of it in the form of its "Attachment 3 - Private instruments ('drawback' contracts) signed between Bertin S.A. and JBS S.A.'s controlling shareholders" --------------------------

5Docs. SEI 1388780, 1388781, 1388782. --------------------

5. These were the only two timely statements of the Fund in the present Case so far. -----------------------------

6. I also point out that, in the Statements, the Fund did not request to be formally admitted in this Process as an assistant, amicus curiae or under any other form of third party intervention provided for in the Brazilian legal system. Nor has it maintained that it is in a position of neutrality in relation to the Case. Differently, it declared to be a shareholder of JBS S.A. ("JBS" or "Company") and one of the claimants in an arbitration proceeding filed in 2017 before the Market Arbitration Chamber of B3 S.A. - Brasil, Bolsa, Balcão, against the controlling shareholders of JBS, in order to obtain compensation from the Company for losses suffered due to alleged wrongful acts committed by its controlling shareholders, based on Art. 246 of Law nº 6.404/19766. ----

6"Art. 246. The controlling company shall be obliged to repair the damages it causes to the company due to acts practiced in violation of the provisions in articles 116 and 117. § a) shareholders representing 5% (five percent) or more of the capital stock; b) any shareholder, provided





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese



p. 160

they post bond for the costs and attorney's fees due, in the event the action is deemed unfounded. § 2 The controlling company, if convicted, in addition to repairing the damage and bearing the costs, shall pay attorney's fees of 20% (twenty percent) and a 5% (five percent) premium to the plaintiff, calculated on the amount of the indemnification." --------------------------

7. Nevertheless, the Plaintiffs plead for the immediate issuance of a decision recognizing the inadmissibility of the intervention not requested by the Fund in these proceedings and determining the unsealing of the Statements of the present records. -----------------------

8. In this context, despite recognizing the clear distinction between the admissibility of the intervention of the Fund in this Proceeding and the admissibility of the evidence produced by it in the records, I reject request (ii) of the Plaintiffs, determining the maintenance of the Statements in the records of this Proceeding, in view of: ----------------------------------

(i) the punctual and specific character of the Statements – the Fund presented only two statements in the records, one of them being a mere petition to attach a power of attorney -, a situation that cannot be confused with any form of procedural turmoil, also because the documents and information brought by the Fund are related to the subject matter of the Process; ----------------------------------

(ii) there is no formal request by the Fund to have its hypothetical right to intervene formally in this Case as



**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese



p. 161

an interested third party recognized, whether as an assistant, amicus curiae or under any other form of third party intervention admitted in the Brazilian legal system; (iii) the right to petition, assured in art. 5, item XXXIV, line "a", of the Federal Constitution of 1988[7], which guarantees to everyone the prerogative of invoking the attention of the Government over a question or situation; and -------------------------------------------
[7]"Art. 5 All are equal before the law, without distinction of any kind, guaranteeing to Brazilians and foreigners residing in the country the inviolability of the right to life, liberty, equality, safety and property, in the following terms: (...) XXXIV - it is assured to all, regardless of the payment of fees: a) the right to petition the Government in defense of rights or against illegality or abuse of power;" ----------------------------
(iv) the fact that Law 9.784/1999 - which deals with administrative proceedings within the scope of the Federal Government and it is applicable to the sanctioning administrative proceedings in progress before this Agency - contains several provisions on the participation of interested parties in the proceedings, recognizing, in particular, in its art. 9, item II, they are legitimized as interested parties "those who, without having initiated the process, have rights or interests that may be affected by the decision to be adopted." -------------------------
9. Specifically as to the arguments used by the Plaintiffs to support their claim (ii), I understand: ----------------



**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL
MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 162

(i) in relation to argument (a), that eventual acts practiced by the Fund in other jurisdictions do not have the power to suppress or curtail its constitutionally assured right of petition; and --------------------------

(ii) with respect to arguments (b) and (c), that the procedural incident currently underway in this Proceeding is absolutely distinct from the one that motivated the decision of the Panel of Judges on 03.17.2020 in the scope of PAS CVM 19957.005983/2019-18. The admissibility of the intervention requested by a third party in an administrative sanctioning proceeding, as amicus curiae, was discussed there, after numerous statements by the third party outside the normal course of the proceeding, which, together with other circumstances, led to the rejection of the intervention requested by the third party and the removal of its statements from the records. Here, as stated above, there is no formal request by the Fund to formally intervene in this Case, but only a request, not yet decided, that the documents and information added to the file be taken into consideration in the decision on the present case. Up to the present moment, there is no disorder caused in this case by the Fund and its only two petitions added to the records, so it makes no sense to talk about the establishment of a precedent that generates perverse incentives for agents in other administrative sanctioning processes. ----------------------------------

10. After the hearing of the defendants within the period of 30 (thirty) working days established in this order, I





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese





p. 163

will decide on the admissibility of the documentary evidence presented by the Fund through its petition of 22.10.2021, continuing the normal course of this Case. ----
11. To the GCP to provide for the summoning of the defendants of this order, in the form of art. 24 of CVM Resolution 45/2021. ----------------------------------------
Rio de Janeiro, December 30, 2021. -----------------------
Alexandre Costa Rangel -------------------------------------
Director Rapporteur ----------------------------------------
CVM Sanctioning Administrative Proceeding No. 19957.008434/2019-03 - Order ----------------------------
-----------------------------------------------------------
**HAVING NOTHING FURTHER TO TRANSLATE FROM THIS DOCUMENT, I SIGN IT BY SETTING MY RIGHT HAND AND AFFIXING MY GOLDEN SEAL AND OFFICIAL STAMP. -------------------------------------------------------
PAULO FERNANDO SANTOS DE LACERDA, Ph.D--------------------------------------
SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT #243 -------------------------------------------------------------------------------
February 7, 2022.-------------------------------------------------------------------**