

# EXHIBIT III



REPÚBLICA FEDERATIVA DO BRASIL

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 285

213.279(001) Livro 1015 Fl. 285-295

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243 ---------- HEREBY CERTIFY IN GOOD FAITH ------------------------------------------------------------ THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS:---------------------------------------------------------**

-------------------------------------------------------------------

*(Coat of Arms)* --------------------------------------------------

**SECURITIES COMMISSION** ----------------------------------------

Rua Sete de Setembro, 111/2-5° and 23-34° floors, Centro, Rio de Janeiro/RJ – Zip Code 20050-901 - Brazil - Tel: (21) 3554-8686 -------------------------------------------

Rua Cincinato Braga, 340/2°, 3° and 4° floors, Bela Vista, São Paulo/SP – Zip Code 01333-010 - Brazil - Tel: (11) 2146-2000 -----------------------------------------------

SCN Q.02 - Bl. A - Ed. Corporate Financial Center, S.404/4° Andar, Brasília/DF - CEP 70712-900 - Brazil - Tel: (61) 3327-2030/2031 --------------------------------

www.gov.br/cvm ---------------------------------------------------

-------------------------------------------------------------------

**CVM ADMINISTRATIVE SANCTIONING PROCEEDING 19957.008434/2019-03** ----------------------------------------

Reg. Col. N. 2200/21 ---------------------------------------------

**Accused:** ------------------------------------------------------

Joesley Mendonça Batista -----------------------------------------

Wesley Mendonça Batista -----------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese



p. 286

Gilberto de Souza Biojone Filho ---------------------------
Natalino Bertin ----------------------------------------------
Silmar Roberto Bertin ---------------------------------------
**Subject:** Decision on the admissibility of evidence submitted by an interested third party in administrative sanctioning proceedings ------------------------------------
**Reporter:** Director Alexandre Costa Rangel ----------------
**Order** -----------------------------------------------------
**I. Summary of the facts** ----------------------------------
1. This CVM Sanctioning Administrative Proceeding No. 19957.008434/2019-03 ("Proceeding"), of which I am reporting, refers to the charge against the accused listed above (all together, "Accused") of the practice of fraudulent transactions, defined in item II and prohibited by item I of CVM Instruction No. 8/1979, according to the charge document in the case records[1] , in the context of the merger of shares issued by Bertin S.A. ("Bertin") by JBS S.A. ("JBS"). -------------------------------------------
[1] Doc. SEI 1091864. ----------------------------------------
2. In this order, I decide on the procedural incident concerning the admissibility, or not, of evidence presented by a third party interested in the Proceeding, in compliance with the provisions of art. 39 of CVM Resolution 45/2021[2]. ----------------------------------------
[2] "Art. 39. Except as otherwise provided, procedural incidents shall be decided by the Relator and shall not



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 287

suspend the flow of time or prevent the practice of procedural acts or proceedings in course or subsequent to them." ---------------------------------------------------

3. As a brief summary of the facts, on October 22, 2021, SPS I Fundo de Investimento de Ações - Investimento no Exterior ("Fund") attached certain documents and information to the case records, including the "*Private Instrument of Commitment for the Sale and Purchase of Shares of a Stock Company and Other Covenants*", executed on August 12, 2009 by Heber Participações S.A. ("Heber") and J&F Participações S.A. ("Share Purchase and Sale Commitment")[3], requesting that such elements be considered when analyzing the Proceeding. ---------------------------

[3] Docs. SEI 1373540, 1373541 and 1373542. ----------------

4. On 12.22.2021, the accused Joesley Mendonça Batista ("Joesley Batista") and Wesley Mendonça Batista ("Wesley Batista") filed a petition requesting, among other requests, recognition of the illegitimacy of the Fund's participation in this Proceeding[4]. ----------------------

[4] Docs. SEI 1415451 and 1415452. ------------------------

5. On 12.30.2021, I issued an order dismissing the motion of Wesley Batista and Joesley Batista[5]. At the same time, I granted a period of 30 (thirty) working days for all the Accused to manifest themselves, informing that I would then decide on the admissibility of adding the Commitment to Purchase and Sale of Shares to the records. ------------





REPÚBLICA FEDERATIVA DO BRASIL
Paulo Fernando Santos de Lacerda
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
SWORN PUBLIC TRANSLATOR
English - French - Spanish - Portuguese

p. 288

[5] Doc. SEI 1420337. ---------------------------------------

6. On January 24, 2022, Gilberto de Souza Biojone Filho ("Gilberto Biojone"), Wesley Batista and Joesley Batista requested an extension of the deadline for another ten (10) calendar days[6], which was duly granted by me, establishing the date of February 14, 2022 as the final deadline for manifestation of all the Accused[7]. -----------

[6] Does. SEI 1430388 and 1430389. --------------------------

[7] Doc. SEI 1434725. ---------------------------------------

7. On 02.01.2022, Natalino Bertin and Silmar Roberto Bertin ("Silmar Bertin") filed a petition stating that the issues brought by the Fund should not be addressed here. In any case, they pointed out that the Purchase and Sale Commitment was not a new issue and that this point had already been clarified by them earlier in the proceedings[8].

[8] Does. SEI 1435270 and 1435271. --------------------------

8. On 02.11.2022, in his complementary manifestation[9], Gilberto Biojone informed that the attachment of the Purchase and Sale Commitment to the Proceeding would not change his defense, drawing attention to the fact that the referred accused was not mentioned in the Fund's manifestation, nor in the Purchase and Sale Commitment. Furthermore, the said instrument is dated 08.12.2009, while Blessed Holdings LLC, the vehicle of which the accused was representative, was only incorporated on 12.16.2009. -------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 289

[9] Doc. SEI 1333403. ---------------------------------------

9. On 02.14.2022, Wesley Batista and Joesley Batista filed a manifestation[10] in which they fully renewed the terms of their defenses and postulated the absence of materiality in the allegations presented by the Fund based on the following arguments: ---------------------------------------

[10] Doc. SEI 1443412. ---------------------------------------

**(i)** in Administrative Proceeding N. RJ2009/12822[11], CVM had already concluded that there were no irregularities in the merger of Bertin's shares by JBS. The aforementioned operation followed the bases disclosed to the market through the material fact dated 09.16.2009, and was approved by JBS's minority shareholders on 12.31.2009, in compliance with the applicable regulations; ---------------

[11] Doc. SEI 0972053. ---------------------------------------

**(ii)** the Purchase and Sale Commitment would only be a preliminary agreement, with the purpose of disciplining the possible terms under which a future purchase of indirectly held equity interest in JBS would be carried out, which would explain the short length of the document and the language used; ------------------------------------

**(iii)** the Purchase and Sale Commitment was never implemented, having been replaced by subsequent agreements after further negotiations between the parties; -----------

**(iv)** the preliminary content of the Purchase and Sale Commitment, the continuity of negotiations, and the





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 290

prevalence of the transaction as disclosed to the market were confirmed by Joesley Batista in his plea bargaining; –

**(v)** the only element presented by the Fund to support the effectiveness of the Purchase and Sale Commitment was the testimony of Mário Celso Lopes. However, this content does not appear in the deposition, the probative value of which cannot be recognized, since it was taken without the principle of adversarial proceedings and was given by a JBS opponent; ---------------------------------------------

**(vi)** the Fund has not proven when and how the installment of R$ 750 million indicated in the Purchase and Sale Commitment would have been effectively paid; --------------

**(vii)** the supposed valuation of Bertin that would have supported the Purchase and Sale Commitment would not even be the one alleged by the Fund. Heber owned only 72.5% of Bertin's shares. Therefore, the amount of R$3.7 billion indicated in the Purchase and Sale Commitment would correspond only to Heber's participation. BNDES Participações S.A. ("BNDESPar"), in turn, would receive shares issued by JBS according to an exchange ratio that would be negotiated. Considering the exchange ratio effectively negotiated, BNDESPar's participation was valued at the equivalent of R$3.2 billion, so that Bertin would be valued at R$6.9 billion, and not R$3.7 billion; --

**(viii)** the difference in valuation of Bertin according to **(a)** the Purchase and Sale Commitment, at R$ 6.9 billion;





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese



p. 291

**(b)** JP Morgan's valuation report, at R$ 11.98 billion; and **(c)** Apsis Consultoria Empresarial Ltda's valuation report, at R$ 13.5 billion, would be fully justified. The amount referred to in item (a) above was supported by preliminary analyses, based on the information available at the time. Figures (b) and (c), on the other hand, were the result of professional analyses, based on the completeness of the information provided by Bertin. --------------------------

10. Having concluded the summary of the facts, I will now decide on the admissibility of the Purchase and Sale Agreement in the Process. --------------------------------

**II. Admissibility of the Purchase and Sale Commitment** -----

11. I believe that the Purchase and Sale Agreement should be kept in the records. ----------------------------------

12. I note in advance that this is a public document, available on the Internet[12], that is unequivocally related to what is being investigated in this case, and is important for the decisive context of the thesis stated in the Charge, as it is an element of evidence related to the issues dealt with here[13]. ----------------------------------

[12] Available at https://www.camara.leg.br/proposicoesWeb/prop_mostrarinteg ra?codteor=1817616&filename=REL+1/2 (accessed 15.04.2022).

[13] In line with precedent recently appreciated by the Collegiate of CVM, unanimously, the "*evidence consistent*



**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 292

*with the object of the process"* is recognized (PAS CVM 19957.005983/2019-18. of 09.03.2021). --------------------

13. Corroborating this point, the accused Natalino Bertin and Silmar Bertin affirmed that the Purchase and Sale Commitment embodies facts already analyzed in the Proceeding, which had already been clarified by them. -----

14. Furthermore, I note that the arguments presented by Joesley Batista and Wesley Batista[14] concern, primarily, the merits of the Indictment[15]. ---------------------------

[14] Doc. SEI 1443412. ----------------------------------------

[15] Doc. SEI 1091864. ----------------------------------------

15. The aforementioned accused, strictly speaking, made considerations about the capacity or not of the Purchase and Sale Agreement to prove the charges against them, without having raised any possible lack of relation, relevance or logical, factual and legal connection of the document with the facts object of the lawsuit. On the contrary, the manifestation presented seems to be based on the thesis that the Purchase and Sale Commitment would be a mere pre-contract inserted in the context of the operation of merger shares issued by Bertin by JBS - factual circumstances directly related to what is being investigated in this Proceeding. ------------------------

16. Therefore, it is clear that the Purchase and Sale Commitment consists of a document that provides a





REPÚBLICA FEDERATIVA DO BRASIL

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

SWORN PUBLIC TRANSLATOR

English - French - Spanish - Portuguese

p. 293

relation, pertinence, and connection with the object and issues discussed in this Proceeding. ---------------------

17. As a necessary proviso, I would like to clarify that this is obviously not a matter of anticipating any value judgment on the evidential burden that will be attributed to the Purchase and Sale Agreement. This exercise can only occur at the appropriate time, when the merits of the charge are analyzed, in conjunction with the entire factual and evidentiary picture in the records. In these terms, the effective contribution that such evidence will have in the formation of the Panel's conviction, within the scope of the judgment of the Charge, the defenses and all the evidence presented, is not part of the object of this order. ---------------------------------------------

18. Specifically in relation to the admissibility of the Purchase and Sale Commitment, I understand that **(i)** the right to petition, in the terms of art. 5, item XXXIV, line "a", of the Federal Constitution, which guarantees everyone the prerogative to bring any matter to the attention of the Public Authorities, and interested third parties may manifest themselves, present evidence and petition in administrative sanctioning proceedings conducted by the Instrumentality; and **(ii)** the legitimacy as interested parties "*(d) those who, without having initiated the proceeding, have rights or interests that*





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 294

*may be affected by the decision to be adopted"*, under the terms of art. 9, item II, of Law 9.784/1999. --------------
19. On the other hand, without prejudice to the provisions of the paragraph above, I draw attention to the CVM's power-duty to curb any excesses and abuses of law verified in the course of the proceedings - whether such deviations were practiced by interested third parties or by the accused. Thus, the legal mandate and the authority of the Instrumentality to reject procedural turmoil and to decide, whenever necessary, on the addition of documents and information that have no pertinence, relation or logical, factual or legal connection with the investigated facts and the formulated charges are preserved. This is a position of deference not only to the due process of law, the adversarial process, and the full defense, but also to the principles of efficiency and the reasonable duration of the process. --------------------------------------------
**III. Conclusion** --------------------------------------------
20. For these reasons, considering the circumstances of the case, I decide for the admissibility of attaching the Purchase and Sale Agreement to the records, in the terms of art. 39 of CVM Resolution 45/2021. --------------------
21. I forward this order to the Management of Sanctioning Processes Control - GCP for the arrangements of summoning the Accused, in the form of art. 24 of CVM Resolution 45/2021. ------------------------------------------------





# REPÚBLICA FEDERATIVA DO BRASIL
## Paulo Fernando Santos de Lacerda
### TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 295

Rio de Janeiro, April 20, 2022. ---------------------------
Digitally signed by Alexandre Costa Rangel Dados: 2022.04.20 21:49:13 -03'00' ------------------------------
Alexandre Costa Rangel -------------------------------------
Reporting Director -----------------------------------------
CVM Sanctioning Administrative Proceeding No. 19957.008434/2019-03 – Order -----------------------------
---------------------------------------------------------------
**HAVING NOTHING FURTHER TO TRANSLATE FROM THIS DOCUMENT, I SIGN IT BY SETTING MY RIGHT HAND AND AFFIXING MY GOLDEN SEAL AND OFFICIAL STAMP.**--------------------------------------------------------------------------
**PAULO FERNANDO SANTOS DE LACERDA, Ph.D**----------------------------------------
**SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT #243** ------------------------------------------------------------------------------------------------------
**May 4, 2022.** ---------------------------------------------------------------------------------------


