**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF SPS I FUNDO DE INVESTIMENTO DE AÇÕES – INVESTIMENTO NO EXTERIOR<br><br>                                        *Petitioner,*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Contemplated Proceeding in the Federative Republic of Brazil. | Case No. 22-mc-00118-LAK |

**DECLARATION OF FABINO ROBALINHO CAVALCANTI**
**IN SUPPORT OF PETITIONER SPS I FUNDO DE INVESTIMENTO**
**DE ACÕES – INVESTIMENTO NO EXTERIOR'S MEMORANDUM OF LAW I**
**N OPPOSITION TO INTERVENOR'S MOTION TO VACTE THE COURT'S**
**<u>APRIL 26, 2022 *EX PARTE* ORDER AND TO QUASH THE SUBPOENAS</u>**

SERGIO BERMUDES
ADVOGADOS

**DECLARATION OF FABIANO ROBALINHO CAVALCANTI**

I, Fabiano Robalinho Cavalcanti, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1.      I submit this Declaration in support of the request of SPS I Fundo de Investimento de Ações – Investimento no Exterior ("SPS") for entry of an order allowing it to take discovery for use in a contemplated proceeding in Brazil, as further described below, pursuant to 28 U.S.C. § 1782 ("1782 Application").

2.      All facts set forth in this Declaration are based upon: (i) my personal knowledge; (ii) my review of the documents that SPS provided to me; and (iii) information obtained from SPS.

I.      PROFESSIONAL BACKGROUND INFORMATION

3.      I am an attorney admitted to practice in Brazil, since 1998, and in the State of New York, since 2001. My professional activity is focused on private law, with an emphasis on corporate law, contract law and arbitration. Since 1997, I am a partner at the firm Sergio Bermudes Advogados, specialized in dispute resolution. I am over the age of 21 and fluent in English and submit this Declaration in this language.

4.      In 1997, I graduated in Law from Pontifícia Universidade Católica of Rio de Janeiro. In 2000, I obtained my LLM degree from Harvard Law School.

5.      Since 2006, I have been a professor of arbitration and private international law at Fundação Getulio Vargas (FGV-Rio), where I regularly

teach undergraduate classes. I am also the author of several articles published in specialized books and magazines.

6.      Additionally, I am a member of the International Court of Arbitration of ICC (International Chamber of Commerce), the Latin-American Group of ICC, the board of the Brazilian Committee of Arbitration (CBAr) and Director of the Brazilian Committee of Arbitration (CBAr).

## II.  A BRIEF OVERVIEW OF THE SUBJECT MATTER OF THE ONGOING ARBITRATION PROCEEDING INITIATED BY SPS

7.      In 2017, SPS initiated an arbitration proceeding on behalf of JBS before the Market Arbitration Chamber (CAM) in São Paulo, based on the Brazilian Corporation Law, in which it seeks to indemnify the company for the damages caused by its controlling shareholders.

8.      The claims made by SPS do not include any fraud Wesley Batista and Joesley Batista, JBS's indirect controlling shareholders ("Batista Brothers"), allegedly committed using the Unifleisch entities.

9.      As established in the Request for Arbitration, the subject matter of the arbitration initiated by SPS is related to complaints and criminal proceedings of Operations against corruption, such as "Lava-Jato", "Greenfield", "Patmos", among many others, but does not include Unifleisch.

10.     Based on the allegations made by SPS and Jose Aurelio Valporto, which were set forth on the Terms of Reference, signed by the parties and by JBS, the Unifleisch entities were not mentioned, and the claimants were only seeking the accountability of the respondents regarding the abuses committed, all of whom have already been publicly confessed.

11.     Thus, the matters regarding Unifleisch entities are only being discussed before CVM, a federal entity in charge of overseeing the

Brazilian securities market, in administrative enforcement proceedings, arising from a complaint to be filed by SPS.

### III. THE INADMISSIBILITY OF NEW CLAIMS UNDER THE ARBITRATION PROCEEDING WITHOUT J&F'S AUTHORIZATION

12.     Additionally, as above mentioned, in April of 2019, the Terms of Reference were signed and expressly determined that new claims, not covered by the document, could not be submitted by the parties, unless they were authorized to do so by the Arbitral Tribunal, after hearing the other party. Also, in making this decision, the Tribunal shall consider the nature of such claims, the current status of the proceedings and any other relevant circumstances.

13.     The Terms of Reference expressly determined the requirement of an express authorization made by the parties in order to submit a new claim to the Arbitral Tribunal:

> 7.3   Conforme o item 4.5 do Regulamento, a estabilização da demanda ocorrerá neste ato, sendo vedado às Partes apresentar, em momento posterior, quaisquer pedidos diversos dos que constarem deste Termo de Arbitragem, a menos que haja concordância da contraparte e/ou autorização expressa do Tribunal Arbitral.

> ("According to item 4.5 of the Rules, the stabilization of the demand will occur in this act, being prohibited to the parties, at a later time, any requests other than those contained in this Terms of Reference, unless there is an agreement of the counterparty and/or express authorization of the Arbitral Tribunal.")

14.     The provision established by item 7.3 of the Terms of Reference of the proceeding initiated by SPS is in accordance with item 4.5 of the Market Arbitration Chamber Rules[1].

---

[1] 4.5 New claims. Once the Terms of Reference have been signed, the parties may not submit new claims not covered by the Terms of Reference unless they are authorized to do so by the Arbitration Tribunal, after hearing the other party. In making this decision, the Tribunal shall consider the nature of such claims, the current status of the proceedings and any other relevant circumstances. (https://www.camaradomercado.com.br/en-US/arbitragem.html)

4

15.     Consequently, after the Terms of Reference are signed, the subject matter of the proceeding cannot be amended, meaning that new claims cannot be presented by a party without the consent of the other.

16.     Therefore, even if the Arbitral Tribunal agreed that claims were sought to be made by SPS, which is unlikely due to the advanced stage of the arbitration, the other parties — including J&F — would have to agree with the submission of a new claim. Obviously, J&F would not authorize the inclusion of a new claim against itself.

IV.  **EVIDENCE TO BE OBTAINED PURSUANT TO THE 1782 APPLICATION WOULD NOT BE USEFUL FOR THE PENDING CAM ARBITRATION**

17.     In conclusion, SPS is not seeking the New York 1782 to submit new evidence in the pending CAM arbitrations, not only due to the advanced stage of the proceedings, but also because the proceedings do not include the alleged unlawful acts regarding Unifleisch entities.

18.     Even if authorized by the Arbitral Tribunal, SPS could not submit new claims regarding the Unifleisch entities without J&F and Batista Brother's authorization, as established item 4.5 of the Arbitration Rules and item 7.3 of the Terms of Reference.

19.     Thus, SPS is only seeking to produce new evidence based on New York 1782 in relation to the administrative proceedings arising from a complaint to be filed by SPS, since the subject regarding Unifleisch entities is not contained in the ongoing arbitration proceedings.

20.     Lastly, it should be noted that this declaration only concerns the ongoing arbitrations in which SPS is a party, without including any new proceedings that may arise in the future.

21.     Thus, SPS is not seeking the New York 1782 evidence for use in the pending CAM arbitrations.

22.     I declare under penalty of perjury that the foregoing is true and correct.

                              Respectfully Submitted,

                              Fabiano Robalinho Cavalcanti

Executed on June 20, 2022