UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE EX PARTE APPLICATION OF SPS I
FUNDO DE INVESTIMENTO DE
ACOES – INVESTIMENTO NO
EXTERIOR

22-mc-00118 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

>    Jeremiah Charles Hollembeak
>    BAIRD HOLM LLP
>
>    Gabriela M.B. Scanlon
>    MB SCANLON
>
>    *Attorneys for Petitioner*
>
>    Michael B. Carlinsky
>    Gavin Frisch
>    Lucas Bento
>    William B. Adams
>    QUINN EMANUEL URQUHART & SULLIVAN LLP
>    *Attorneys for Intervenors*

LEWIS A. KAPLAN, *District Judge.*

    This matter is before the Court on the motion by Joesley Batista, Wesley Batista, JBS S.A., and J&F Investimentos S.A. (collectively, "Intervenors") to stay discovery pending their appeal from the Court's December 9, 2022 Memorandum Opinion (Dkt 34), which denied Intervenors' motion to vacate the Court's April 26, 2022 Order and quash the subpoena served in accordance therewith by SPS I Fundo de Investimento de Ações – Investimento no Exterior ("SPS" or

2

"Petitioner") on Respondent J.P. Morgan Chase Bank, N.A. ("JPM"). (Dkt 37, the "Motion") For the reasons set forth below, Intervenors' Motion is denied in its entirety.

*Discussion*

Four factors must be balanced in determining whether a stay should be issued: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] The party seeking a stay "bears a difficult burden" and such motions are commonly denied.[2]

I.   *Irreparable Injury to Movants*

Intervenors argue that they will suffer irreparable harm absent a stay because their appeal "will effectively become moot once discovery is produced."[3] However, this is a concern common to every Section 1782 case and does not entitle Intervenors to a stay as a matter of right.[4]

---

[1] *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[2] *See United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995); *S.E.C. v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517, at *2 (S.D.N.Y. Apr. 11, 2008) ("[T]he 'burden of establishing a favorable balance of these factors is a heavy one and more commonly stay requests will be denied.'" (quoting *Barcia v. Sitkin*, No. 79-cv-5831(RLC), 2004 WL 691390, at *1 (S.D.N.Y. Mar. 31, 2004))).

[3] Dkt 38, at 9.

[4] *See In re Hansainvest Hanseatische Inv.-GmbH*, No. 18-mc-310 (ALC), 2019 WL 5939860, at *3 (S.D.N.Y. Oct. 4, 2019) ("While Respondents concern is noted, it is one common to every Section

Moreover, the seriousness and likelihood of the irreparable injury threatened in a case such as this is inextricably related to the Intervenors' likelihood of success on the merits. As set forth below, Intervenors' likelihood of success on the merits is immaterial and, thus, so too is the threat of irreparable injury.

## II.   *Likelihood of Success on the Merits*

Intervenors must make a "strong showing" that they are likely to succeed on appeal to warrant the issuance of a stay.[5] They contend that they have met this burden because their appeal from the Memorandum Opinion involves "serious legal questions" that will present the Second Circuit with "issues of first impression," and for "that reason alone" they have made the necessary showing.[6] Intervenors are mistaken regarding the seriousness of their legal questions, and they do not have a material chance of prevailing on appeal. A movant cannot prevail on a motion to stay by showing "a mere possibility of success or harm."[7]

Intervenors' appeal relies on a single premise that already was considered closely and

---

1782 case."); *In re Noguer*, No. 18-mc-498 (JMF), 2019 WL 1034190, at *1 (S.D.N.Y. Mar. 5, 2019) (" [A] stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." (quoting *Nken*, 556 U.S. 418, 434 (2009))); *see also In re Hansainvest Hanseatische Inv.-GmbH*, 2019 WL 5939860, at *3 ("Courts [...] have been adamant in stating that the mere fact that information, once disclosed, cannot be 'undisclosed' is . . . not enough by itself to warrant a finding of irreparable harm." (internal quotations omitted)).

[5]   *Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d at 1084.

[6]   Dkt 38, at 4.

[7]   *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 129 S.Ct. 1749, 1760 (2009)).

4

soundly rejected by the Court. Specifically, Intervenors argue that the relevant "foreign tribunal" is not Brazil's securities and exchange commission – the *Comissão de Valores Mobiliários* ("CVM") – but rather a subdivision of the CVM called the the Superintendent Office for Investor Protection and Guidance ("SOI"). Yet there is no support in the law or facts for such a narrow view of the relevant foreign tribunal. To the contrary, the Second Circuit already has affirmed a district court's rejection of a similarly myopic view of the relevant "foreign tribunal" with respect to an analogous government agency in Spain.[8] Accordingly, Intervenors have failed to make a strong showing that they will prevail on appeal.

### III.    Threatened Injury to Other Parties

Petitioner would be prejudiced if a motion to stay were granted. Petitioner has subpoenaed JPM for documents, some of which are over fifteen years old. Further delay risks the fading of memories and the deterioration of documentary evidence. Additionally, there is no reason to believe that this stay would be brief, and it is a practical reality that the cost of the litigation to Petitioner would increase if Intervenors are permitted to drag out the process.[9] Accordingly,

---

[8] *See In re Martinez Sampedro*, No. 3:18-MC-47 (JBA), 2019 WL 3423568, at *3 (D. Conn. July 30, 2019) (overruling objection and permitting discovery, holding that although petitioner's filing of complaint with Spanish CNMV did not trigger a sanction proceeding automatically, the fact that it commenced a review process by CNMV was sufficient to make the sanctioning proceeding "within reasonable contemplation." (citing *Intel*, 542 U.S. at 259)), *aff'd sub nom. Sampedro v. Silver Point Cap., L.P.*, 818 F. App'x 14 (2d Cir. 2020), as amended (June 5, 2020).

[9] *See Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc.*, No. 10-civ-4119 (CM), 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) ("In addition to the axiom that 'justice delayed is justice denied,' it is a practical reality that the longer litigation lasts, the more expensive it will be. Allowing [movant] to drag this case out even further by staying the damages trial will impose even more financial hardship on [non-movant] for a longer period of time.").

Petitioner would be prejudiced if the stay were granted.[10]

## IV. *The Public Interest Favors Disclosure*

Public interests in justice, fair play, and full disclosure would be served by the disclosure of evidence potentially evidencing additional wrongdoing by Intervenors that was not admitted in any of the Intervenors' guilty pleas in the United States or Brazil and previously was unknown to the public.[11]

## *Conclusion*

Intervenors' motion for a stay of discovery pending appeal from the Court's December 9, 2022 Memorandum Opinion (Dkt 37) is denied.

SO ORDERED.

Dated: January 24, 2023

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[10] Respondent JPM has not appeared before the Court in this action and has not taken a position with respect to either the 1782 motion or Intervenors' motion to stay.

[11] *See In re Chevron Corp.*, 709 F. Supp. 2d 283, 310 (S.D.N.Y. 2010) (holding "public interests in justice, fair play, and full disclosure most certainly would be served by the disclosure of the evidence pertinent to the proceedings both in Ecuador and before the arbitration panel.")