**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF SPS I FUNDO DE INVESTIMENTO DE AÇÕES – INVESTIMENTO NO EXTERIOR<br><br>                                  *Petitioner,*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Contemplated Proceeding in the Federative Republic of Brazil. | Case No. 22-mc-00118-LAK |

**SECOND SUPPLEMENTAL DECLARATION OF GUSTAVO MACHADO GONZALEZ IN SUPPORT OF PETITIONER SPS I FUNDO DE INVESTIMENTO DE ACÕES – INVESTIMENTO NO EXTERIOR'S AMENDED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**



## DECLARATION OF GUSTAVO MACHADO GONZALEZ

I, Gustavo Machado Gonzalez, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1.   I submit this brief Declaration in support of the request of SPS I Fundo de Investimento de Ações – Investimento no Exterior for entry of an order allowing it to take discovery for use in a contemplated proceeding in Brazil, pursuant to 28 U.S.C. § 1782.

2.   All facts set forth in this Declaration are based upon my personal knowledge.

**Review of rulings of CVM's Board of Commissioners**

3.   Pursuant to Brazilian law, the rulings issued by the Board of Commissioners of the Brazilian securities and exchange commission (*Comissão de Valores Mobiliários*) ("CVM") may be subject to review, as further described below.

*Appeals to the Counsel of Appeals of the National Financial System*

4.   Any rulings of CVM's Board of Commissioners that impose any penalties, as provided for in Section 11 of Law No. 6,385/1976 ("Brazilian Securities Law")[1], are subject to an appeal to the Counsel of Appeals of the National Financial System (*Conselho de Recursos do Sistema Financeiro Nacional*) ("CRSFN"), pursuant to

---

[1] Pursuant to Section 11 of the Brazilian Securities Law, the CVM may apply the following penalties on companies and individuals: (i) warning; (ii) fines; (iii) temporary inability to act as director or officer, or as member of the fiscal council of a publicly-held corporation of an entity which is part of the securities distribution system, or of other entities which require authorization by, or registration with, the CVM, for up to twenty (20) years; (iv) suspension of the authorization or registry to exercise any activities regulated by the Brazilian Securities Law; (v) temporary inability to exercise any activities regulated by the Brazilian Securities Law, for up to twenty (20) years; (vi) temporary prohibition to practice certain activities or transactions, for entities which are part of either the securities distribution system or other entities that require authorization or registry with the CVM, for up to twenty (20) years; and (vii) temporary prohibition to act, directly or indirectly, in one or more categories of transaction it the securities market, for up to ten (10) years.



Section 11, Paragraph 4, of the Brazilian Securities Law[2], Section 70 of CVM Resolution No. 45/2021[3] and Section 2, I, "c", of Decree No. 9,889/2019[4].

5.      The CRSFN is an administrative entity within the Brazilian Ministry of Economy and is the last administrative instance for ruling on such appeals[5].

*Review by Brazilian courts*

6.      Any rulings of CVM's Board of Commissioners (or rulings of the CRSFN) are, in principle, subject to review by Brazilian courts, on the basis that they violate the applicable Brazilian laws. For instance, one could claim for the annulment of a CVM Board ruling alleging that it violates any principles of the Brazilian administrative proceeding (as legality, reasoning, due process, among others), as provided in Law No. 9,784/1999 (the Brazilian Administrative Proceeding Law). The ability to subject any such violations to the review of the judiciary is granted by the Brazilian Constitution (Section 5, XXXV[6]).

7.      Due to the technical ability and institutional reputation of the CVM, in practice, the review of rulings of the CVM's Board of Commissioners by Brazilian courts is not quite frequent. Nevertheless, there have been cases where such review has occurred. For instance, in CVM Punitive Administrative Proceeding RJ 2014/3225, ruled on 09.13.2016, the CVM Board decided that former board members of a public company

---

[2] Section 11, Paragraph 4, of the Brazilian Securities Law expressly allows for an appeal to the CRSFN upon the imposition by the CVM of any of the penalties under Section 11 (described in footnote 1 above).

[3] Pursuant to Section 70 of CVM Resolution No. 45/2021, upon a ruling of the CVM Board that finds the defendant guilty in a punitive administrative proceeding before the CVM, an appeal to the CRSFN will be permitted, and upon such appeal the CRSFN will have the ability to fully review the object to the proceeding (*efeito devolutivo*) and in certain cases the appeal will stay de effects (*efeito suspensivo*) of the decision of the CVM Board (the stay of effects is automatically granted when the penalty imposed by the CVM Board consists of warning or fines; in others cases, the defendant may request the stay). The appeal must be imposed within thirty (30) days as of the notification of the defendant on the ruling of the CVM Board.

[4] Section 2, I, "c", of Decree No. 9,889/2019 expressly provides that the CRSFN has authority to rule, as a final administrative instance, the appeals under Section 11, Paragraph 4, of the Brazilian Securities Law (see footnote 2 above).

[5] In addition to Section 2 of Decree No. 9,889/2019 (mentioned above), Section 1 of the Internal Rules of the CRSFN provide that the CRSFN is a body within the Brazilian Ministry of Economy, with the purpose of ruling, in second and final instance, any appeals under its authority, based on technical criteria, in pursuance of the proper functioning of the financial system, its institutions and markets.

[6] Pursuant to Section 5, XXXV, of the Brazilian Constitution: "the law may not exclude from the assessment of the judiciary any violation of, or threaten to, any right".



committed insider trading and imposed fines on the defendants. The defendants appealed to the CRSFN, which confirmed the CVM Board ruling, denying the appeal. Then, the defendants initiated an annulment action before Brazilian federal courts, against the CVM and the Federal Union. The first-degree court decided in favor of the former board members, in order to declare the nullity of the punitive administrative proceeding and of the fines imposed. The case is pending appeal before the appellate court.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

*[signature]*

Executed on April 10, 2023.