UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF<br>SPS I FUNDO DE INVESTIMENTO DE AÇÕES –<br>INVESTIMENTO NO EXTERIOR<br><br>                                       *Petitioner,*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Contemplated Proceeding in the Federative Republic of Brazil. | Case No. 22-mc-00118-LAK |

**SUPPLEMENTAL DECLARATION OF JEREMY C. HOLLEMBEAK IN SUPPORT OF PETITIONER SPS I FUNDO DE INVESTIMENTO DE ACÕES – INVESTIMENTO NO EXTERIOR'S AMENDED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

JEREMY C. HOLLEMBEAK, pursuant to 28 U.S.C. § 1746, declares:

1. I am an attorney for the firm Baird Holm LLP, counsel to SPS I Fundo de Investimento de Ações – Investimento no Exterior ("**SPS**"), petitioner in the above-captioned case.

2. I am a member in good standing of the bar of the State of New York and have been duly admitted and qualified to practice as an attorney before the United States District Court for the Southern District of New York since 2007. Prior to joining Baird Holm in 2019, I lived and practiced for thirteen years in the New York City offices of two international law firms, Milbank LLP (formerly known as Milbank Tweed Hadley & McCloy LLP) and global disputes and investigations firm Kobre & Kim LLP. In 2016, I became a *Fellow* of INSOL International and continue to be an active member in that organization. Over the course of my career, I have worked on numerous large, contentious cross-border disputes and insolvencies, including litigations in various US courts involving large Central or South American companies.

1

3. In this action, I act as US counsel for SPS. I previously submitted a declaration (ECF No. 28, the "**Hollembeak Declaration**") in support of the Court's April 26, 2022 *Ex Parte* Order to conduct discovery pursuant to 28 U.S.C. § 1782 (ECF No. 8, the "**Order**") and SPS's memorandum of law in opposition to the motion (ECF No. 20, the "**Motion**") and supporting papers of Joesley Batista, Wesley Batista, JBS S.A. and J&F Investimentos (collectively, the "**Intervenors**") to vacate that Order and quash the subpoenas SPS served in accordance with the Order on J.P. Morgan Chase Bank, N.A. ("**JPM**") and Barclays USA, Inc. ("**Barclays USA**").

4. As detailed in the Hollembeak Declaration, following entry of the Order, SPS served subpoenas on JPM and Barclays USA and engaged in preliminary communications with each respondent prior to Intervenors' Motion.

5. In a December 9, 2022 decision (ECF No. 34, the "**Memorandum Opinion**"), this Court denied the motion to vacate the Order *en toto* and refused to quash the JPM subpoena, but granted the Intervenors' motion to quash the Barclays USA subpoena on the sole issue that Barclays USA could not be found in the Southern District of New York as required by Section 1782. Intervenors' appealed the Order and Memorandum Opinion to the United States Court of Appeals for the Second Circuit (Appeal No. 22-3200), which appeal remains pending as of the date hereof. Intervenors' motions for a stay of proceedings in this action pending appeal have been denied by this Court [ECF No. 46] and by the Second Circuit [CA2 No. 72].

6. The Memorandum Opinion expressly stated its quashing of the Barclays USA subpoena was without prejudice to Petitioner filing an amended application to subpoena a different Barclays entity "found" in this district for purposes of Section 1782.[1] Mem. Op. at 7.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Amended Application

2

Contemporaneously herewith, SPS is submitting an amendment to the Application (as amended, the "**Amended Application**") for an order pursuant to authorizing SPS to issue a subpoena to Barclays Bank PLC ("**Barclays NY**" or "**Respondent**").

7. I hereby respectfully submit this declaration as a supplement to the original Hollembeak Declaration and in support of the Amended Application. All facts set forth in this declaration are based upon: (a) my personal knowledge; (b) documents and information supplied to me by SPS or professionals retained by it, and (c) my review of relevant documents and information otherwise available to me, including documents and information made publicly available by Barclays NY.

8. In 2019, the Second Circuit held that "found" extends the reach of a district court under Section 1782 to the outer bounds of personal jurisdiction it can exercise over a subpoena recipient without violating that recipient's right to Constitutional due process. *In re del Valle Ruiz*, 939 F.3d 520, 528-30 (2d Cir. 2019). As a result, this Court has statutory authority to grant the Amended Application and permit SPS to seek Section 1782 discovery from Barclays NY so long as either (A) Barclays NY is sufficiently "at home" in this district for this Court exercise general personal jurisdiction over it, or alternatively, (B) this Court can exercise specific jurisdiction over Barclays NY here because Barclays NY's "having purposefully availed itself of the forum [is] the primary or proximate reason that the evidence sought is available at all," or, given Barclays NY's "contacts are broader and more significant" here, because "the evidence sought would not be available but for the [Barclays NY's] forum contacts." *Id*. at 530.

9. For the following reasons, both bases of personal jurisdiction are satisfied here.

A. **Barclays NY is Subject to General Personal Jurisdiction in this District**

10. Barclays NY is a financial services institution that regularly transacts business in this district. Barclays NY in New York City acts as a worldwide correspondent bank for U.S. Dollar denominated wire transfers passing from domestic banks to international banks (and vice versa). Attached hereto as **Exhibit A** is a July 2018 Barclays U.S. Resolution Plan generally describing Barclays NY's US Dollar clearing activities in New York (at 38: "NYBR's primary activities are deposit taking, lending, management of Barclays's USD funding positions and US dollar clearing.").[2]

11. In New York City, Barclays NY is a participant in the Clearing House Interbank Payments System ("**CHIPS**"), which is the largest private sector U.S. Dollar clearing system in the world. Attached hereto as **Exhibit C** is a printout from The Clearing House's website showing Barclays NY acts as a CHIPS participant from its address at 75 Wall Street, New York, NY 10265.

12. Barclays NY is also a participant in the Federal Reserve's Fedwire Fund Service ("**Fedwire**"). Attached hereto as **Exhibit D** is a printout of Fedwire's website showing Barclays NY as a Fedwire participant from its New York location.

13. Barclays NY is also registered with the New York Department of Financial Services ("**NYDFS**"). Attached hereto as **Exhibit E** is a printout from the NYDFS's website showing Barclays NY is registered as both a "Foreign Branch" and an "Exempt Mortgage Loan Servicer" from its address at 745 Seventh Avenue, New York, NY 10019. In fact, on December 18, 2018,

---

[2] https://www.fdic.gov/resources/resolutions/resolution-authority/resplans/plans/barclays-165-1807.pdf (last visited April 18, 2023). *See also* https://bank-code.net/swift-code/BARCUS33XXX.html (last visited April 18, 2023) (showing that for international transactions, SWIFT Code BACUS33XXX uniquely identifies Barclays NY's "head office branch" and "primary office" as 745 Seventh Avenue, New York, NY 10019 (a printout of which is attached hereto as **Exhibit B**).

4

Barclays in New York signed a consent order with the NYDFS under New York Banking Law §§ 39 and 44 relating to its U.S. Dollar clearing business in New York City.  Attached hereto as **Exhibit F** is a true and correct copy of the consent order (see at ¶ 9 "Barclays operates a number of important business lines out of the New York Branch, including […] management of Barclays' U.S. dollar funding position and dollar payments clearing, settlement of foreign exchange trades in U.S. dollars, and corporate accounts.")[3]

14. When SPS filed its original Application, and for at least several months thereafter, Barclays NY's website stated "New York is home to Barclays' US headquarters, and the Americas hub for our Corporate and Investment Bank," describing how Barclays NY maintains a "32-story office tower" at 745 Seventh Avenue in Times Square where it has over 4500 employees.  See SPS's Opposition to Intervenors' Motion (ECF No. 25, at 19, n.9).  *See also* http://web.archive.org/web/20220408190000/https://home.barclays/careers/barclays-office-locations/ (last visited April 19, 2023) (printout of Barclays website from April 8, 2022 from The Wayback Machine, a true and correct copy of which is attached hereto as **Exhibit G**).  Nevertheless, Barclays continues to make similar statements elsewhere on its website as of the date hereof.  *See, e.g.*, Job Posting for Electronic Trading Controls AVP, https://search.jobs.barclays/job/new-york/electronic-trading-controls-avp/13015/47303415984 (last visited April 19, 2023) (a true and correct copy of which is attached hereto as **Exhibit H**) ("You will be working at our Americas Headquarters at 745 Seventh Avenue.  This 32-story office tower is located in Times Square in the heart of Manhattan […].").

---

[3] https://www.dfs.ny.gov/system/files/documents/2019/01/ea181218_barclays.pdf (last visited April 18, 2023).

15. Other significant contacts of Barclays NY in this district are described in Barclays PLC's Form 20-F for the fiscal year ended December 31, 2022 on file with the SEC, a true and correct copy of the relevant pages of which is excerpted and attached hereto as **Exhibit I**, including that (a) Barclays NY is subject to numerous pending legal actions in this district (2022 20-F at 385-89), and (b) certain of its key personnel work out of this district, including Paul Compton, the President of Barclays NY, Global Head of the Corporate and Investment Bank and member of the Barclays Group Executive Committee (2022 20-F at 438).

16. For all these reasons, Barclays NY is subject to general personal jurisdiction in this district.

**B.   Barclays NY is Subject to Specific Personal Jurisdiction in this District**

17. Because of its extensive contacts in the district, Barclays NY is "subject to a comprehensive regulatory framework involving numerous statutes, rules and regulations in the US." *See* Barclays 2022 Annual Statement, a true and correct copy of the relevant pages of which is excerpted and attached hereto as **Exhibit J**, at 371. Importantly, Barclays NY is subject to these regulations "based on the location or activities of those entities." *Id*.

18. In its most recent Annual Report, Barclays NY's parent company, Barclays Plc explained the reach of certain US laws can require compliance by its entire international bank "Group" including entities incorporated outside of the US:

> In the US, the Bank Secrecy Act, the USA PATRIOT Act 2001, the Anti-Money Laundering Act of 2020 and regulations thereunder contain numerous anti-money laundering and anti-terrorist financing requirements for financial institutions. In addition, the Group is subject to the US Foreign Corrupt Practices Act, which prohibits, among other things, corrupt payments to foreign government officials. It is also subject to various economic sanctions laws, regulations and executive orders administered by the US government, which prohibit or restrict some or all business activities and other dealings with or involving certain individuals, entities, groups, countries and territories.
>
> In some cases, US state and federal regulations addressing sanctions, money laundering and other financial crimes may impact entities, persons or activities located or undertaken

outside the US, including Barclays PLC and its subsidiaries. *Id*. at 377.

19. When this happens, the Group effectuates compliance with US law through Barclays NY. *See, e.g.*, *id*. at 371 ("Accordingly, the Group's activities related to US swaps and security-based swaps are principally conducted by Barclays Bank PLC and are subject to ongoing supervision and regulation by the CFTC and the SEC, respectively. Barclays Bank PLC is provisionally registered as a swap dealer with the CFTC and conditionally registered as a Security-based swap dealer with the SEC. Barclays Bank PLC is also subject to the FRB swaps rules with respect to margin and capital requirements."); *id*. at 482 ("Barclays Bank PLC maintains a US shelf registration statement with the US Securities and Exchange Commission (SEC) in order to issue securities to US investors").

20. In fact, it is Barclays NY's broad and significant contacts in this district and its role as conduit for the Barclays Group compliance with US anti-money laundering law that is responsible for the evidence SPS seeks being available at all.

21. As discussed in the original Application, in September 2020, new facts connecting JBS and the Batista family to certain companies incorporated outside Brazil and previously unknown to Brazilian authorities were unveiled through an international journalistic investigation named "**FinCEN Files**" (Gonzalez Decl. ¶ 30.). Among other relevant information included in the FinCEN files was a 2017 suspicious activity report submitted by Barclays NY to the United States Financial Crimes Enforcement Network ("**FinCEN**") that raised red flags regarding the Target Companies (the "**Barclays SAR**"). Attached hereto as **Exhibit K** is a true and correct copy of the beginning of the Barclays SAR as published in the Brazilian press.

22. The Barclays SAR was submitted to FinCEN by Barclays NY based on information it received from one of its UK affiliates (identified therein as "Barclays UK Wealth") or that it

7

otherwise was in possession of as a result of maintaining a United States Dollar correspondent account for such affiliate and fulfilling its role as conduit of information for reporting and compliance to US regulators like FinCEN on behalf of the entire Barclays Group.  For example, the Barclay SAR states that "*Barclays NY is filing this Suspicious Activity Report*" after Unifleisch UK's account with Barclays UK Wealth "was flagged for review *as part of Barclay NY's surveillance program*."  *See* Exhibit K (emphasis added).

23. The Barclays SAR evidences that Barclays NY has possession and/or control over documents and information concerning the Target Companies, which in 2017 it compiled, analyzed and marshalled to report to FinCEN that, solely for the period between September 6, 2011 and April 12, 2016, Target Company Unifleisch UK made 859 money transfers totaling almost US$644 million to Valdarco, Lunsville and other entities from high-risk jurisdictions known for money laundering linked to the Batista family.

24. Furthermore, while Unifleisch UK continued to exist and presumably engage in similar transactions through at least the end of 2016, the SAR indicates Barclays NY has account opening and transfer information concerning Unifleisch UK going back to at least June 17, 2007.

25. By the Amended Application, SPS seeks evidence maintained or otherwise subject to possession or control by the Respondent Barclays NY in New York City regarding US Dollar denominated wire transactions and documents relating thereto that identifies transfers routed through Barclays NY in New York City revealing movement of funds among the Target Companies, and provides context to confirm the purpose of those transfers including by definitively linking them to the Batista family and/or its known entities and associates.

26. In other words, Barclays NY's actions *in this district* as correspondent or intermediary bank responsible for completing US dollar denominated wire transfers passing to

and from Barclays UK Wealth and reporting to FinCEN when those transfers evidenced suspicious activity are the but for and proximate cause of the discovery SPS seeks by the Amended Application existing and being within Barclays NY's possession and/or control.

27. Accordingly, this Court has and may exercise specific personal jurisdiction over Barclays NY in this district for purposes of granting the Amended Application.

**C. Requests For Discovery From Barclays NY Pursuant to Section 1782 Have Been Frequently Granted In This District**

28. The scope of discovery sought here is likely within Barclays NY's document retention policies. A correspondent/intermediary bank such as Barclays NY keep electronic records of US dollar denominated transfers and are able to easily search and produce these record. All indications are that Barclays NY has in fact done so in response to subpoenas issued by numerous prior Section 1782 applicants in this district. *See, e.g.*, *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-MC-229 (VSB), 2023 WL 2674752, at *4–6 (S.D.N.Y. Mar. 29, 2023) (granting Section 1782 application and permitting subpoena to be issued to numerous banks found in this district including Barclays NY); *In re Banco Santander (Brasil) S.A.*, No. 22MC00022ALCSN, 2022 WL 1546663, at *3 (S.D.N.Y. Apr. 6, 2022) (same); *In re Inv. Bank PSC*, 567 F. Supp. 3d 449 (S.D.N.Y. Oct. 15, 2021) (same); *In re First Monolith Inc.*, No. 20 MISC. 735 (AT), 2021 WL 1093658, at *2 (S.D.N.Y. Feb. 1, 2021) (same).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 26, 2023
Omaha, Nebraska

By: _____
Jeremy C. Hollembeak

**BAIRD HOLM LLP**
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Phone: 402.636.8317
Email: jhollembeak@bairdholm.com

*Attorneys for Petitioner SPS I Fundo De Investimento De Ações – Investimento No Exterior*