# EXHIBIT B

*Higher Court of Justice*

[…] filing of this [arbitral] proceeding, which was ratified by monocratic decision" (item 24 of the footer - e-STJ, page 1,807).

Notwithstanding, from what can be ascertained from the case files, before arbitral proceeding No. 94/17 was even filed (the respective motion was filed on 09/11/2017 – e-STJ, page 1,791), **on 08/16/2017,** Mr. J. A. V. J. and the Association of Minority Shareholders requested the initiation of arbitral proceedings (93/17), **pursuant to Art. 246 of the Corporate Law**, in order to obtain "remediation for all damages caused to "J." S.A., due to abuse of management powers, as a result of the allegedly unlawful acts confessed by the controllers in plea bargain agreements" (e-STJ, page 357).

This proceeding, it should be noted, was brought against J & F Participações S.A., J & F Investimentos S.A., Banco Original S.A., Banco Original do Agronegócio S.A., Pinheiro Fundos de Investimento em Participações, ZMF Participações Ltda. J. M. B. and W. M. B., and "J." S.A. itself. With regard to "J." S.A., the fact that the movant filed suit on extraordinary grounds, in this case, in defense of the rights of "J." S.A. itself, it recognized that it would be impossible to include the latter as a co-defendant in the suit (lack of standing to be sued *ad causam*), and the latter would be included in the proceedings as an intervening party.

Against the same movants, and with an identical purpose, cause of action and motions, the institution of arbitral proceedings was requested (CAM No. 110/18) on 06/15/2018, by S. I F. de I. de A. — I. no E. – **a fund which initiated its activities on 06/11/2018 (e-STJ, page 1,681 and 367-386) –** also as a minority shareholder (e-STJ, page 360). By way of clarification, SPS I Fundo de Investimento em Ações — Investimento no Exterior ("SPS I") acquired a stake in "J. S.A." **on 06/14/2018** (e-STJ, page 1,684).

On **September 27, 2018**, based on the case files, the Chair of the CAM, pursuant to the duties vested in that office under the respective By-Laws, decided to join both proceedings (93/2017 and 110/2018) for joint judgment by the Arbitral Court by the first constituted party, and the parties agreed (e-STJ, page 484).

The Arbitral Court of the Arbitral Proceedings "CAM 93/17 and CAM 110/18, on 7/7/2020, handed down a partial arbitral award, defining the following controversial preliminary points:

*Higher Court of Justice*

In the case files, as has been demonstrated in detail, the company, before the request for arbitration filed by the minority shareholders, concerned parties herein (J. A. V. J. e S. I F. de I de A – I. no E.), had already issued a public announcement of summons **precisely to deliberate on judicial/arbitral measures for civil liability against the controllers, administrators and ex-administrators jointly, for the unlawful acts recognized in the agreements entered into with the Public Prosecutor.**

It is necessary to state for the record that this measure (publication of the public announcement to deliberate on accountability measures) occurred, **pursuant to the legal framework, as a result of an initiative undertaken by BNDES Participações S.A., a shareholder with a stake of more than 5% in the company capital (e-STJ, page 1,687), with indisputable representation of the interests of the minority shareholders.**

The meeting was not held immediately, due to the pre-arbitral injunction and, subsequently, after BNDES Participações S.A. had filed for arbitration, in order to preserve the validity of the vote and to preclude any conflict of interest in the event the controller, J., exercised its right to vote.

BNDES Participações S.A., indisputably representing the interests of the minority shareholders, was successful in its actions to call an extraordinary shareholders' meeting in order to deliberate on the measures to be taken in order to hold the administrators, ex-administrators and controllers of the company accountable, without the latter participating in the meeting, the now concerned parties (J. A. V. J. e S. I F. de I. de A. – I. no E.), managed to acquire a reduced shareholder stake and, as such, they filed for arbitral proceedings, in defense of the interests and rights of the company, under procedural subrogation.

It should be noted that the actual condition as minority shareholders of the concerned parties (J. A. V. J. e S. I F. de I. de A. – I. no E.) was not only obtained after the unlawful acts confessed in the Plea Bargain Agreement with the Ministry for Public Affairs and other agreements that were disclosed in *Memos to the Market and Relevant Facts,*

## Higher Court of Justice

*published by the company*, but in fact, after the public announcement had already been issued by the company in order to call the meeting intended to deliberate on the legal measures to be taken by the company in order to hold the administrators and controllers accountable.

Accordingly, there is plausibility in the argument raised by the claimant that the arbitral proceedings brought by the now concerned parties (J. A. V. J. e S. I F. de I em A – I. no E.), on the pretext of defending the company's interests and rights, in the exercise of its extraordinary legitimacy, has the immediate purpose of, in fact, receiving the award stipulated under art. 246 of the Corporate Law.

There is no censorship here with regard to the filing of suit under art. 246 by minority shareholders with the indirect purpose of receiving any such award, notably because it is the law that stipulates this. However, the promotion of the company's rights and interests must be the immediate reason for an action to hold the controllers accountable, individually brought by the shareholder, **conditioned, as has been observed, on the company's inertia, which, as claimed in the case files, did not occur.**

The issue, as demonstrated, resides in the impossibility of the company being able to directly exercise its right of action, in spite of adopting all the measures necessary for this purpose, especially in the area of arbitration, in which the choice of arbiters is the fundamental right of those who will be subject to the effects of *res judicata* that will be established therein.

Without incurring any behavior that may be characterized as inertia, it is incontrovertible in the case files that the Company, as soon as it obtained authorization to hold the meeting (EGM/2020), it immediately (within three months of the respective deliberation) and under the exact terms set forth therein, in compliance with the independent *ad hoc* Committee formed, held the arbitral proceeding intended to investigate, by the same specific facts, the accountability, not only of the controllers, but also the administrators and ex-administrators.

It is therefore undisputable that the minority shareholders (J. A. V. J. e S. I F. de I em A – I. no E.) by initiating arbitral proceeding 93-110 (corporate proceeding *ut singili*) prior to the end of the legal timeframe for the company, holder of the right in question, to initiate the corporate lawsuit to hold the administrators and controllers accountable, not […]



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**CC-185702-2022-06-30 STJ Excerpt**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
May 17, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public