# EXHIBIT D

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

### ORDER

**Interlocutory Appeal**     Process No. **2057792-72.2023.8.26.0000**

Rapporteur: **FORTES BARBOSA**

Judging Entity: **First Reserved Chamber of Corporate Law**

Appellant: JBS S/A

Appellees: SPS I Investment Fund in Shares Abroad and other

Concerned Parties: J&F Investimentos S/A and others

No. of Origin: 1026777-93.2023.8.26.0100

I. This is an Interlocutory Appeal against a ruling handed down by the esteemed First Circuit Court for Corporate Cases and Arbitration Disputes of the Central District (Judicial District of the State Capital), which, upon pre-trial production of evidence, considering that the appellant is a publicly traded company, and the appellees having exercised their rights under article 246 of Law 6,404/1976, was of the understanding that it was possible, in theory, that procedure irregularities had occurred in the arbitration proceedings, and emphasizing that there was urgency, due to the fact that the statute of limitations for vacating the decision is about to expire (March 16, 2023), and it awarded the motion for interlocutory relief brought by the appellees, ordering

This document is a copy of the original, digitally signed by MARCELO FORTES BARBOSA FILHO, released to the case files on 03/16/2023, at 3:39 p.m.
To check the original, visit https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter process number 2057792-72.2023.8.26.0000 and code 1EBBA793.

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

the following to be presented: *"A) 'The full Agreement signed between JBS and its Controllers, thus ending the dispute pertaining to arbitral proceeding No. 186/21 and other related claims'; B) 'Arbitral award handed down in proceeding 186/21, which ratified the aforementioned agreement and required arbitration'; C) 'Full copy of proceeding 186/21 and all acts and rulings handed down after the partial award dated 09/19/2022, which unlawfully and improperly excluded the minority shareholders, now movants, from the proceedings'"* by March 14, 2023, under penalty of a fine of BRL 543,164,722.88 (five hundred forty-three million, one hundred sixty-four thousand, seven hundred twenty-two Brazilian reals and eighty-eight cents), also ordering performance of the obligation by the Market Chamber, under penalty of a fine of BRL 1,000,000.00 (one million Brazilian reals) (pages 635/637 of the original case files).

The appellant sustains that, through the awarded interlocutory relief, the appellees had access to the agreement ratified by arbitral ruling, to which the appellees were not parties. The appellant holds that the aforementioned access had already been denied in the motion to vacate (Process 1111429-77.2022.8.26.0100), under the interlocutory appeal (number 2020516-07.2023.8.26.0000) and internal review (number 2020516-07.2023.8.26.0000/50000). The appellant states that this pre-trial production of evidence is a copy of what has already been

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

awarded by this Court four times. The appellant emphasizes that the appellees had argued that they had filed a new motion to vacate the ruling because the approval process of the agreement had been conducted during a meeting of the Board of Directors held on December 16, 2022, and March 16, 2023 was the final deadline for bringing this new motion to vacate. The appellant states that the motion for pre-trial production of evidence was only filed on March 7, 2023 and suggests that there are no grounds for urgency. The appellant states that, without summoning it (the appellant) in the injunction, the appellees had obtained documents intended directly for the Market Chamber, which constitutes bad faith on the part of the appellees, stating that nothing justifies denial of adversary proceedings, because the intention of the appellees was to institute ordinary proceedings, whereas the contentious, effective and irreversible nature of their intentions is obvious, as the appellees had previously omitted the aforementioned negative aspects. This leads to a situation of disparity of information among shareholders, of which the appellees represent 0.26% (zero-point-twenty-six percent), having been correctly informed with regard to the agreement through a relevant fact. The appellant alleges that recognition of the lack of standing to be sued on the part of the appellees corresponds to the lack of grounds for filing a motion for pre-trial production of evidence, which would constitute a breach of the ruling by the Esteemed Superior Court of Justice, and they emphasize that

This document is a copy of the original, digitally signed by MARCELO FORTES BARBOSA FILHO, released to the case files on 03/16/2023, at 3:39 p.m.
To check the original, visit https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter process number 2057792-72.2023.8.26.0000 and code 1EBBA793.

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

*"The appealed decision is clearly contrary to the decisions handed down on the aforementioned motion to vacate. If the Appellees were denied participation in Arbitration Proceeding 186, there is no reason that, by any other means, they should have access to the documents pertaining to those proceedings (considering the confidentiality of the proceedings), much less dispute a ratification decision on the Agreement contained therein, by means of a motion to vacate."* The appellant also argues that the appellee should file for arbitration proceedings, under the binding clause contained in the relevant by-laws, in addition to stating that *"The Appellees did not even have standing to file for arbitration for remediation of damages against JBS, exactly because they did not represent the minimum of 5% required under article 159, of Law No. 6,404/76. In other words, the argument for the need to access the Agreement in order to hold the administration to account is patently false, because the Appellees could never, on their own, do such a thing, due to express legal prohibition."* The appellant has filed a motion to suspend proceedings, *"in order to suspend: i. the Appealed Decision in full; ii. the order to present the documents required by the Honorable Court against the company, the other defendants and the Market Chamber, indistinctly; iii. the multi-million Brazilian real penalty imposed on the Company and the other defendants; iv. full processing of the original proceedings in their entirety; v. the expiration of any deadline stipulated by the Honorable

This document is a copy of the original, digitally signed by MARCELO FORTES BARBOSA FILHO, released to the case files on 03/16/2023, at 3:39 p.m.
To check the original, visit https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter process number 2057792-72.2023.8.26.0000 and code 1EBBA793.

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

*Court with regard to the Appealed Decision due to the Appealed Decision or whatever proceedings take its place, whether or not it is currently being heard (including the timeframe for defense/responsive pleading and/or other appeals),"* as well as to attribute the active effect, to *"impose the compulsory measures listed in the previous item, which prevent the Appellees, their attorneys and any third parties from using, disclosing or revealing the Agreement and other documents contained under Proceeding 186, under penalty of payment of the same multi-million Brazilian real fine levied on the Appellant, amounting to 543 MILLION BRAZILIAN REALS per breach."* Finally, the appellant motions for cancellation or revision of the appealed decision, and levying the appropriate penalties against the appellees for vexatious litigation (pages 01/32).

II. The appellees state in the case files that there is no connection and suggest that presentation of the documents will not damage the appellants. They request forty-eight hours for this rapporteur to issue an opinion on the motion for suspension (page 1,268/1,271).

III. Even if the third Market Chamber is notified to deliver the documents, there is a risk of irreparable or difficult-to-repair damage, given the application of the enormous fine on the appellant.

In addition, initially, with regard to the aforementioned omission of submission of the same issue

This document is a copy of the original, digitally signed by MARCELO FORTES BARBOSA FILHO, released to the case files on 03/16/2023, at 3:39 p.m.
To check the original, visit https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter process number 2057792-72.2023.8.26.0000 and code 1EBBA793.

COURT OF JUSTICE
[emblem] SP
FEBRUARY 3, 1874

## JUDICIAL BRANCH
## COURT OF JUSTICE OF THE STATE OF SÃO PAULO

to the Judicial Branch, there is evidence that the appellees have violated previous decisions, using improper procedures, which gives merit to the appeal claim.

As the requirements under article 1,019, paragraph I of the Civil Procedure Code of 2015 have been satisfied, the aforementioned decision is hereby suspended.

With regard to the active effect claimed on the original case files, it should be emphasized that the original Court had already warned that the appellees are responsible for ensuring confidentiality of the information to which they had access (page 913 of the original case files), which makes this claim groundless.

IV. The Court of Origin is to be notified, ordering the provision of information, and a copy of this will serve as the official letter of notification.

V. I shall grant the legal timeframe for presentation of a response.

Parties are hereby notified.

São Paulo, March 16, 2023.

Fortes Barbosa

Rapporteur

This document is a copy of the original, digitally signed by MARCELO FORTES BARBOSA FILHO, released to the case files on 03/16/2023, at 3:39 p.m.
To check the original, visit https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter process number 2057792-72.2023.8.26.0000 and code 1EBBA793.



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Prod. Antec. - AgI 2ª decisão**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
May 17, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE