

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-21-2023
```

Jeremy C. Hollembeak
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
Tel: 402.344.0500
Fax: 402.344.0588
Direct: 402-636-8317
jhollembeak@bairdholm.com
www.bairdholm.com
Admitted in NY, MN, NE, KS, IA

June 28, 2023

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21B
New York, NY 10007

*Motion granted. Applicant shall submit for signature and entry a clean copy of the proposed protective order.*

**SO ORDERED**

LEWIS A. KAPLAN, USDJ
8/21/23

Re:   *In re Applications of SPS I Fundo, Case No. 22-mc-00118-LAK*

Dear Judge Kaplan:

On behalf of our client SPS,[1] the applicant in this Section 1782 action, we write to request entry of the proposed protective order enclosed herewith as **Exhibit A** ("**Proposed PO**"). The Proposed PO is the product of months of negotiation by SPS, first with Respondent JPM which agreed to an earlier form of order ("**May 26 Form PO**") and then with Intervenors, at the request of whom SPS agreed to numerous changes to the May 26 Form PO, none of which has drawn any objection by JPM. Notwithstanding these changes, Intervenors are refusing to consent to entry of the Proposed PO on account of three disputed issues discussed below. Because SPS and Intervenors have reached an impasse on these issues, and JPM will not produce the subpoenaed documents absent entry of a protective order, SPS respectfully requests the Court enter the Proposed PO. Given the extraordinary length of time that has elapsed since entry of the Memorandum Opinion, SPS further requests the Court require that any response to this letter and/or competing form of order be submitted by Friday, June 30, 2023 so that the Court can consider the disputed issues and enter a protective order on an expedited basis.

### SPS and JPM Agree To May 26 Form PO

SPS originally served the JPM subpoena and started the meet and confer process in May 2022. Once Intervenors intervened, however, JPM expressed unwillingness to continue that process unless and until this Court rejected Intervenors efforts to quash the JPM subpoena, which the Court did in its December 9, 2022 Memorandum Opinion. Therein, the Court expressly reserved the right of JPM (but not Intervenors) to file objections to the subpoena on a per-request

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in this Court's December 9, 2022 "**Memorandum Opinion**" Denying Intervenors' motion to vacate SPS's application and to quash SPS's subpoena of documents from JPM [Dkt. 34].