UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re Application of                          ::
                                              ::
SPS I Fundo De Investimento De Ações –        ::   Case No. 1:22-mc-118-LAK
Investimento No Exterior                      ::
                                              ::
                                              ::
                                              ::
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-23-2023

## PROTECTIVE ORDER

WHEREAS, Petitioner SPS I Fundo De Investimento De Ações ("**Petitioner**") filed an application for an order pursuant to 28 U.S.C. § 1782 (the "**Application**") to serve a subpoena to obtain discovery for use in the contemplated legal proceedings in Brazil before of the Comissão de Valores Mobiliários (the "**CVM**") for which Petitionier filed its 1782 Application (the "**Brazilian Proceedings**");

WHEREAS, on April 26, 2022, this Court entered an order granting Petitioner's Application and authorizing Petitioner to "conduct discovery in this District relating to the issue[s] identified in the Application and supporting papers for use in the Brazilian Proceedings" and to serve a subpoena on J.P Morgan Chase Bank, N.A. ("**Respondent**") and Barclays USA, Inc. (the "**April 26 Order**");

WHEREAS, on May 4, 2022, Petitioner served a subpoena on JPMorgan Chase & Co. and on May 18, 2022, JPMorgan Chase & Co. served objections and responses to the subpoena;

WHEREAS, on June 3, 2022, Intervenors Joesley Batista, Wesley Batista, JBS S.A., and J&F Investimentos S.A. ("**Intervenors**") filed a motion to vacate the April 26 Order and to quash the subpoenas issued by Petitioner;

WHEREAS, on December 9, 2022, the Court issued an order denying the Intervenors' motion *en toto* with respect to Respondent and instructing the parties to "confer with respect to

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 2 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 2 of 14

2

whether a protective or confidentiality order is warranted and, if so, submit a proposed order to the Court";

WHEREAS, on December 23, 2022, Petitioner served a subpoena on Respondent (the "**Subpoena**") which was substantively identical to the subpoena authorized by the April 26 Order and previously served on JPMorgan Chase & Co.;

WHEREAS, on December 23, 2022, the Court issued a temporary stay of the April 26 Order while it considered the Intervenors' motion for a stay pending appeal, which stay was dissolved by the Court's order denying that motion dated January 24, 2023;

WHEREAS, on February 7, 2023, Respondent served objections and responses to the Subpoena;

WHEREAS, on February 13, 2023, the Second Circuit issued a temporary stay of the April 26 Order while it considered the Intervenors' motion for a stay pending appeal, which stay was dissolved by the Second Circuit's order denying that motion dated March 15, 2023;

WHEREAS, on May 15, 2023, Intervenors filed a motion, pursuant to Federal Rule of Civil Procedure 54(b), for entry of a final order or judgment as to Petitioner's application pursuant to 28 U.S.C. § 1782 to take discovery from J.P. Morgan Chase Bank, N.A.; Petitioner filed a memorandum of law in opposition to Intervenors' motion on May 30, 2023; and, as of the date of entry of this Order, Intervenors' motion is pending before this Court;

WHEREAS, pursuant to the April 26 Order and the Subpoena, Respondent has been required, subject to its objections and responses, to produce certain documents in response to the Subpoena concerning one or more of four entities, Unifleisch Limited, Unifleisch SA, Lunsville International Inc. and Valdarco Investments Inc. (each, a "**Target Company**" and together, the "**Target Companies**");

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 3 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 3 of 14

3

WHEREAS, certain of the documents Respondent has been required to produce may reflect information that one or more of Respondent, Petitioner, the Intervenors, and any other person or entity that executes an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A (each a "**Party**" and, collectively, the "**Parties**") believe is confidential and should be protected from public disclosure;

WHEREAS, Respondent, Petitioner and Intervenors met and conferred but did not reach agreement on a form of protective order;

WHEREAS, on June 28, 2023, Petitioner submitted a letter motion ("**Letter Motion**") asking the Court to enter a form of protective order enclosed with the Letter Motion ("**Petitioner's Proposed PO**");

WHEREAS, on June 30 2023, Intervenors submitted a letter opposing the Letter Motion and asking the Court to enter their own competing form of protective order enclosed therewith;

WHEREAS, on August 21, 2023, the Court granted Petitioner's Letter Motion and instructed Petitioner to submit a clean copy of the Petitioner's Proposed PO for its signature and entry;

WHEREAS, for good cause shown, the Court enters this protective order so-submitted by Petitioner (the "**Protective Order**").

THEREFORE IT IS HEREBY ORDERED:

1. This Protective Order is intended to cover documents Respondent has been required to produce pursuant to the April 26 Order and in response to the Subpoena (such documents and the information they contain shall be referred to hereinafter as the "**Discovery Material**"). The Parties acknowledge the confidentiality protections that this Protective Order affords to that Discovery Material which, in accordance with the provisions hereof,

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 4 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 4 of 14

4

(a) Respondent has designated as "Confidential" and (b) such designation has not been subsequently withdrawn by Respondent, overruled by the Court, or otherwise nullified as a result of such designated Discovery Material entering the public domain by means other than as a result of being disclosed by a Party in violation of this Protective Order (such Discovery Material, including any copies thereof and any information copied, extracted, excerpted, summarized, compiled or otherwise derived exclusively therefrom, shall be referred to hereinafter as the "**Confidential Material**"). For the avoidance of doubt, this Protective Order is not intended, and shall not be deemed, in any way (i) to limit Respondent's obligation to produce all Discovery Material it is required to produce pursuant to the April 26 Order and in response to the Subpoena, subject to Respondent's objections and responses, (ii) to impose an obligation on any Party to assert the privileges, rights or interests of any other Party or Target Company, or (iii) to authorize any Party to assert the privileges, rights or interests of any other Parties or Target Companies that such Party is not authorized to assert under applicable law.

2. Respondent may designate any Discovery Material as "Confidential" if, in Respondent's good faith judgment, it believes such Discovery Material to contain non-public and confidential trade secrets, valuable research, development, commercial, financial, and/or proprietary information and information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, thereby necessitating special protection from public disclosure. Respondent shall designate any Discovery Material as "Confidential" before producing it; *provided, however*, that any Discovery Material produced by Respondent without being designated as "Confidential" thereafter (a) may be designated as "Confidential" by Respondent, if in Respondent's good faith judgment its failure to designate it as Confidential prior to production was inadvertent, which designation shall be

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 5 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 5 of 14

5

effectuated by Respondent providing notice to the Parties (email to counsel shall suffice) identifying the Discovery Material to be designated, after which the Discovery Material identified shall constitute Confidential Material hereunder, or (b) shall be designated as "Confidential" if such designation is ordered by the Court following a successful challenge to the lack of designation by a Party in accordance with the procedure set forth in Paragraph 8 below. Except to the extent a "Confidential" designation has been ordered by the Court in accordance with the foregoing clause (b), at any time after Respondent designates Discovery Material as Confidential, Respondent may withdraw such designation by providing notice to the Parties (email to counsel shall suffice) identifying the Discovery Material to be de-designated, after which the Discovery Material identified shall no longer constitute Confidential Material hereunder.

3. Parties may use Confidential Material only in connection with (1) the Brazilian Proceedings, (2) this Action, (3) any other pending or contemplated proceeding, as long as the Party using such material has obtained a prior ruling from this Court authorizing the use of Confidential Material in such proceeding, and/or (4) the submission of material to the Federal Prosecutor's Office of Brazil (the Ministério Público Federal or "**MPF**") by a Party that believes, in good faith, that the Confidential Material to be provided to MPF, alone or together with other material or information that has been or is being provided, evidences a violation of Brazilian criminal law, as long as the Party using such material has obtained a prior ruling from this Court authorizing the use of Confidential Material before the MPF.

4. To minimize the risk of its unauthorized disclosure, use or dissemination, Confidential Material shall be disclosed by a Party only to those persons or entities (each, a "**Qualified Person**" and, collectively, "**Qualified Persons**") reasonably necessary or appropriate to effectuate the use of such material permitted by Paragraph 3 above. Without limiting the

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 6 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 6 of 14

6

generality of the foregoing, Qualified Persons shall include the following:

    (a)    Each Party hereto, including, with respect a Party that is an entity, (i) its managing officers and/or control persons, (ii) its attorneys (both in-house and external counsel) and their respective secretarial and paralegal staff, employees and retained consultants or advisors and (iii) to the extent such Party determines in good faith that their assistance is reasonably necessary to assist it in permitted use of Confidential Material under this Protective Order, any of such Party's other employees and retained consultants or advisors but only to such extent; provided, that, before any such retained consultants or advisors can receive Confidential Material they must agree to be bound by this Protective Order by executing Exhibit A hereto and returning an executed copy to the Party intending to provide them with Confidential Material; provided further, that such Party shall provide a copy of each such executed Exhibit A it receives to Respondent and, upon request of the Court, to the Court and to any other Party as the Court may direct;

    (b)    The CVM, solely through the established channels for submission of information or documents to the CVM, for purposes of commencing or otherwise participating in the Brazilian Proceedings;

    (c)    The court or tribunal overseeing any proceeding other than the Brazilian Proceedings or this Action, or the MPF, before which the use of Confidential Material has been approved by order of this Court, solely through the established channels for submission of information or

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 7 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 7 of 14

7

    documents to such court or tribunal, for purposes of commencing or otherwise participating in such proceeding;

(d) The original author or recipient of the Confidential Material being disclosed; provided, that, before any such individuals can receive Confidential Material they must agree to be bound by this Protective Order by executing Exhibit A hereto and returning an executed copy to the Party intending to provide them with Confidential Material; and

(e) Any other entity or person agreed to by all Parties in advance in writing, or upon order of the Court, and on such conditions as may be agreed or ordered;

*provided, however*, that any Party making a disclosure of Confidential Material to a Qualified Person pursuant to this Paragraph 4 must give each Qualified Person a copy of this Protective Order before or at the same time as it discloses Confidential Material from any Party and inform the Qualified Person that the material has been designated as Confidential Material pursuant to this Protective Order.  For the avoidance of doubt, and in all respects subject to Paragraph 6 below, in the event a Qualified Person identified in Paragraphs 4(a), (d) or (e) above receives Confidential Material in compliance with the foregoing provisions and thereafter discloses it to a non-Qualified Person, uses it in connection with a proceeding other than as set forth in Paragraph 3 above, or disseminates it into the public domain, the Party who provided such Confidential Material to such Qualified Person has not, and shall not be deemed to have, violated this Protective Order unless the Court finally determines, after notice and an opportunity to be heard, that such Party provided the Confidential Material to such Qualified Person in bad faith or with the intention or actual knowledge that such Qualified Person would use or disclose such material

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 8 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 8 of 14

8

in violation of this Protective Order.

5.  All Confidential Material filed with or otherwise provided to the Court, including all portions of pleadings, motions or other papers filed in this Action that contain such Confidential Material, shall be filed under seal with the Clerk of the Court or with redactions narrowly tailored to address the material in question in accordance with the procedures set forth in this Court's Individual Practices. The Court will make a determination of whether any Confidential Material so-filed or provided can remain sealed or redacted.

6.  Within three (3) days after providing any Confidential Material to the CVM, MPF or any other court or tribunal in accordance with Paragraph 4 above, the Party providing such Materials shall provide written notice to all other Parties (by email to their respective counsel) that Confidential Material and this Protective Order have been provided to the CVM, MPF or other court or tribunal (as the case may be). For the avoidance of doubt, this Protective Order is not intended, and shall not be deemed, (i) to direct or limit the use of Confidential Material by the CVM, MPF or any other court or tribunal following its receipt thereof, or (ii) to prevent or limit any Party's use, disclosure or dissemination of Discovery Material that was originally provided as Confidential Material to the CVM or other court or tribunal by a Party in compliance herewith and thereafter made publicly available by the CVM or other court or tribunal (as the case may be).

7.  Notwithstanding anything else in this Order, the disclosure restrictions set forth herein shall not apply to prevent or in any way limit a Party's disclosure, use or dissemination of any Discovery Material, regardless whether such material has been or continues to be designated as Confidential by Respondent, if such Discovery Material (a) was in the public domain when originally produced by Respondent or (b) subsequently, by any means other than as a result of

Case 1:22-mc-00118-LAK Document 73 Filed 08/23/23 Page 9 of 14
Case 1:22-mc-00118-LAK Document 71 Filed 08/21/23 Page 9 of 14

9

being disclosed, used or disseminated in violation of this Protective Order by such Party, (i) became part of the public domain or (ii) came into the possession of such Party from a source other than Respondent or a Qualified Person in possession of such material solely by virtue of this Protective Order.

8. Petitioner or Intervenors (in such capacity, the "**Challenging Party**") may challenge Respondent's designation or non-designation of any Discovery Material as Confidential by first giving notice of such challenge to and conferring with counsel for Respondent and counsel for Petitioner or Intervenors (whichever is the non-Challenging Party). If such a challenge cannot be resolved within seven (7) days after giving such notice, the Challenging Party may file a motion, with notice to all Parties and an opportunity to be heard (ECF or direct email to counsel shall suffice), seeking the Court's permission to remove or change the confidentiality designation; provided, however, that any such motion filed by Intervenors as the Challenging Party, and any opposition (by filing or otherwise) by Intervenors to such a motion by Petitioner as the Challenging Party, shall be accompanied by a sworn statement by each Intervenor under penalty of perjury describing his/its relationship during the period for which documents are requested in the Subpoena with or to each Target Company to which the material in question relates, including, without limitation, a declaration with respect to each such Target Company that such Intervenor did or did not have a beneficial ownership interest in and/or ability to exercise direct or indirect control over such company at any time during such period. For the avoidance of doubt, the motion by any Challenging Party should comply with Paragraph 5 above, and all Parties shall continue to treat the material in question as Confidential Material hereunder if previously designated as such, or as non-Confidential Material if not previously so designated until the Court rules on the motion. Subject to any

Case 1:22-mc-00118-LAK Document 73 Filed 08/23/23 Page 10 of 14
Case 1:22-mc-00118-LAK Document 71 Filed 08/21/23 Page 10 of 14

10

conditions the Court may impose, immediately upon this Court ruling that (a) any Discovery Material previously designated by Respondent as Confidential is not Confidential or entitled to protection under this Protective Order, such Discovery Material shall no longer constitute Confidential Material hereunder; and (b) any Discovery Material not previously designated by Respondent as Confidential is Confidential and entitled to protection under this Protective Order, such Discovery Material shall constitute Confidential Material hereunder.

9. If Respondent discloses Discovery Material to a Party that Respondent believes in good faith is subject to a claim of attorney-client privilege, attorney work product protection or any other privilege or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. The treatment of Inadvertently Disclosed Information shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, and any other applicable Federal Rules or local rules.

10. If Respondent discloses Discovery Material without designating it as Confidential at the time of disclosure that Respondent subsequently believes in good faith can and should be designated as Confidential in accordance with Paragraphs 1 and 2 above, such disclosure shall not constitute or be deemed a waiver of the protections for Confidential Material in this Protective Order. In such circumstance, Respondent may notify all Parties that Discovery Material was inadvertently produced without a Confidential designation and provide new copies of the documents with a Confidential designation, and the documents shall thereafter be treated as Confidential Material in accordance with this Protective Order. For the avoidance of doubt, a Party that receives Discovery Material not designated as Confidential at the time it is received

Case 1:22-mc-00118-LAK Document 73 Filed 08/23/23 Page 11 of 14
Case 1:22-mc-00118-LAK Document 71 Filed 08/21/23 Page 11 of 14

11

(a) has no obligation to treat it as Confidential pursuant to this Order unless and until the Party receives written notice from Respondent (email to counsel shall suffice) that identifies such material as Confidential Material, and (b) shall not be in violation of this Order as a result of disclosing, using or disseminating such material in a manner prohibited with respect to Confidential Material under this Order prior to receiving such notice.

11. Prior to disclosing any Discovery Material (including any Confidential Material) to a Qualifying Person in accordance with Paragraphs 3 and 4 above, a Party shall use its reasonable best efforts to redact from such material all information contained therein for which redaction would be required prior to such material being filed with this Court pursuant to Federal Rule of Civil Procedure 5.2; *provided, however,* that a Party who discloses such material without required redactions shall not be in violation of this order if the failure to redact was inadvertent or the Party did not act in bad faith in disclosing the material without redaction.

12. The Court retains jurisdiction over the Parties and their respective US counsel for purposes of enforcement of this Protective Order.

12. Any Party may apply for modification of this Order upon good cause shown.

13. Respondent will commence production pursuant to the Subpoena within seven (7) days following entry of this Protective Order to both Petitioner and Intervenors at the same time.

SO ORDERED.

Dated: August 23, 2023

_____
United States District Judge

# **EXHIBIT A**

**Agreement to Protective Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re Application of                                         ::
                                                             ::
SPS I Fundo De Investimento De Ações –                       ::   Case No. 1:22-mc-118-LAK
Investimento No Exterior                                     ::
                                                             ::
                                                             ::
                                                             ::
---------------------------------------------------------------x

LEWIS A. KAPLAN, United States District Judge

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is
_____
_____.

2. My present employer and its contact information is
_____
_____.

3. My present job description is _____.

4. My U.S. counsel (if any) and its contact information is
_____
_____.

5. If other than the contact information of your US counsel provided above, your contact information (including email) for purposes of receiving notices relating to the Protective Order dated _____, 2023 entered between the existing Parties to the above-captioned action (the "**Protective Order**")[1] is

_____
_____.

6. I hereby acknowledge that I have read the Protective Order, and that I am familiar with the terms thereof, and that I agree to be bound as a Party under the terms thereof.

5. I hereby acknowledge that, pursuant to the Protective Order, I may receive or have already received Discovery Material designated as Confidential Material under the terms of the

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Protective Order.

Case 1:22-mc-00118-LAK   Document 73   Filed 08/23/23   Page 14 of 14
Case 1:22-mc-00118-LAK   Document 71   Filed 08/21/23   Page 14 of 14

2

Protective Order, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I hereby agree not to disclose, use, or disseminate any Confidential Material except in accordance with the terms and restrictions of the Protective Order.

6. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding arising from my performance under, compliance with, or violation of the Protective Order. **I further recognize that, if I violate the Protective Order in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.**

Signature: _____

Name: _____

Date: _____