USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

IN RE EX PARTE APPLICATION OF SPS I
FUNDO DE INVESTIMENTO DE
ACOES – INVESTIMENTO NO
EXTERIOR

22-mc-00118 (LAK)

------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      This matter is before the Court on the motion (Dkt 78) by Joesley Batista, Wesley Batista, JBS S.A., and J&F Investimentos S.A. (collectively, "Intervenors") to stay discovery pending their appeal from the Court's March 4, 2024 Memorandum Opinion (Dkt 75), which granted the amended application of SPS I Fundo de Investimento de Ações – Investimento no Exterior ("Petitioner") for discovery from The New York Branch of Barclays Bank PLC pursuant to 28 U.S.C. § 1782. For the reasons set forth below, Intervenors' motion is denied.

      Four factors inform whether a stay should be issued: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] A party seeking a stay "bears a difficult burden."[2]

---

[1] *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[2] *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995).

2

First, Intervenors are unlikely to succeed on appeal substantially for the reasons set forth in this Court's opinion granting Petitioner's amended application and Petitioner's opposition to the motion to stay.[3]  Second, Intervenors' anticipated injury — that their appeal effectively would become moot because "[o]nce discovery occurs, Petitioner will have access to [the] information" that it seeks in the amended application[4] — is not compelling.  As the Court previously observed, "this is a concern common to every Section 1782 case and does not entitle Intervenors to a stay as a matter of right."[5]  Moreover, the projected seriousness and likelihood of irreparable injury threatened here are low because Intervenors are unlikely to succeed on appeal.[6]  Third, Petitioner stands to suffer injury from a further delay in receiving discovery.  Last, the public has a substantial interest in the disclosure of evidence of potential wrongdoing by Intervenors.

Intervenors' motion for a stay of discovery pending appeal (Dkt 78) is denied. Intervenors' motion for what they characterize as an administrative stay of discovery pending resolution of their motion for a stay pending appeal (Dkt 83) is denied as moot.

SO ORDERED.

Dated:   April 27, 2024

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[3] Dkt 75; Dkt 80 at 3-17.

[4] Dkt 79 at 14.

[5] Dkt 46 at 2.

[6] *See Id.* at 3.