MEMO ENDORSED



BAIRDHOLM LLP

CELEBRATING 150 BH

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/24

Jeremy C. Hollembeak
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
Tel: 402.344.0500
Fax: 402.344.0588
Direct: 402-636-8317
jhollembeak@bairdholm.com
www.bairdholm.com
Admitted in NY, MN, NE, KS, IA

May 1, 2024

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21B
New York, NY 10007

      Re:    *In re Applications of SPS I Fundo, Case No. 22-mc-00118-LAK*

Dear Judge Kaplan:

      On behalf of our client SPS,[1] the applicant in this Section 1782 action, we write to request entry of the proposed protective order enclosed herewith as **Exhibit 1** ("**Proposed PO**") to govern the production of documents by Barclays NY. As explained in more detail below, the parties have met and conferred on whether a protective order is necessary and, if so, on what terms. Respondent Barclays NY will not begin producing documents until a protective order is entered and has no objection to entry of the Proposed PO. Intervenors, however, have refused to provide their consent absent the addition of language that would prohibit SPS from submitting any Confidential Material produced by Barclays NY to CVM in Brazil until the Second Circuit resolves Intervenors' pending appeal of the Memorandum Opinion. For the following reasons, SPS respectfully requests that the Court enter the Proposed PO in its enclosed form without the language demanded by Intervenors.

### SPS Proposes Protective Order Substantively Identical To JPM Protective Order

      Following this Court's direction in the Memorandum Opinion, I met and conferred with in-house counsel for Barclays NY over the course of several weeks. As a result of these discussions, on April 22, 2024, I circulated a proposed form of protective order to govern forthcoming productions from Barclays NY (the "**April 22 PPO**") that was substantively identical to the Protective Order the Court entered on August 23, 2023 over Intervenors' opposition to govern the production of documents in this action by respondent JPM (Dkt. 73, the "**JPM PO**"). On April 24, 2024, after in-house counsel that confirmed Barclays NY was "signed off" on the April 22 PPO, I sent the April 22 PPO to counsel for Intervenors and asked counsel to advise

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in this Court's March 4, 2024 "**Memorandum Opinion**" granting SPS's amended application to subpoena Barclays NY pursuant to Section 1782 and denying Intervenors' objections thereto (Dkt. 75).

Memorandum Endorsement                    In re SPS I Fundo, etc., 22-mc-118 (LAK)

    The Court recently denied the motion for Intervenors for a stay pending appeal of the Court's March 4, 2024 decision (Dkt 75) granting petitioner's motion to compel Barclays NY to comply with the subpoena previously served upon it. Dkt 86. Unwilling to take "no" for an answer, Intervenors now seek to circumvent the Court's prior rulings by insisting on language in a protective order foreclosing petitioner from turning over certain of the documents to be produced by Barclays to the relevant Brazilian government agency. Thus, petitioner seeks entry of the protective order, otherwise agreed to in all respects, without the prohibitory language demanded by Intervenors.

    Petitioner's application is granted. The Court today is entering the protective order requested by petitioner but not including the prohibitory language demanded by Intervenors. Intervenors should bear in mind that their behavior in this and possibly other respects may result in sanctions.

    SO ORDERED.

Dated: May 2, 2024

                     /s/ Lewis A. Kaplan
                    Lewis A. Kaplan
                United States District Judge