USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re Application of

SPS I Fundo De Investimento De Ações –
Investimento No Exterior

------------------------------------------------------------x

Case No. 1:22-mc-118-LAK

## PROTECTIVE ORDER

**Original Application**

WHEREAS, Petitioner SPS I Fundo De Investimento De Ações ("**Petitioner**") filed an application for an order pursuant to 28 U.S.C. § 1782 (the "**Application**") to serve a subpoena to obtain discovery for use in the contemplated legal proceedings in Brazil before of the Comissão de Valores Mobiliários (the "**CVM**") for which Petitioner filed its 1782 Application (the "**Brazilian Proceedings**");

WHEREAS, on April 26, 2022, this Court entered an order (ECF No. 8, the "***Ex Parte* Order**") granting Petitioner's Application and authorizing Petitioner to "conduct discovery in this District relating to the issue[s] identified in the Application and supporting papers for use in the Brazilian Proceedings" and to serve a subpoena on J.P Morgan Chase Bank, N.A. ("**JPM**") and Barclays USA, Inc. ("**Barclays USA**");

WHEREAS, on May 4, 2022, Petitioner served a subpoena on Barclays USA, and on May 18, 2022, The New York Branch of Barclays Bank PLC ("**Barclays NY**") served objections and responses to the subpoena "[o]n behalf of Barclays USA, Inc." including, *inter alia*, that Barclays USA "is a dissolved entity that is no longer in existence";

WHEREAS, on June 3, 2022, Intervenors Joesley Batista, Wesley Batista, JBS S.A., and

J&F Investimentos S.A. ("**Intervenors**") filed a motion to vacate the *Ex Parte* Order and to quash the subpoenas issued by Petitioner;

**First Memorandum Opinion and Appeal**

WHEREAS, on December 9, 2022, the Court issued a memorandum opinion (i) denying the Intervenors' motion *en toto* with respect to JPM and instructing the Petitioner, JPM and Intervenors to "confer with respect to whether a protective or confidentiality order is warranted and, if so, submit a proposed order to the Court," and (ii) granting Intervenors' motion and quashing Petitioner's subpoena to Barclays USA solely on the ground that Barclays USA could not be "found" in the Southern District of New York by virtue of its prior dissolution, and without prejudice to Petitioner seeking by amended application to serve the subpoena on any appropriate Barclays entity (subject to the rights of that entity and the Intervenors to oppose such amended application) (ECF No. 34, the "**First Memorandum Opinion**");

WHEREAS, on December 23, 2022, the Court issued a temporary stay of the *Ex Parte* Order and First Memorandum Opinion while it considered the Intervenors' motion for a stay pending appeal (ECF No. 40), which stay was dissolved by the Court's order denying that motion dated January 24, 2023 (ECF No. 46);

WHEREAS, on February 13, 2023, the Second Circuit issued a temporary stay of the *Ex Parte* Order and First Memorandum Opinion while it considered the Intervenors' motion for a stay pending appeal, which stay was dissolved by the Second Circuit's order denying that motion dated March 15, 2023;

WHEREAS, the Second Circuit subsequently dismissed Intervenors' appeal from the December 9, 2022 memorandum opinion on May 9, 2023 on jurisdictional grounds based on SPS filing its Amended Application, and denied Intervenors' motion for reconsideration on May 25,

2023;

### JPM Protective Order and Production

WHEREAS, from April through June 2023, Petitioner, JPM and Intervenors engaged in negotiations over the terms of a protective order to govern the use of documents to be produced by JPM in response to Petitioner's subpoena, but when those negotiations reached an impasse, Petitioner and Intervenors submitted competing forms of order to the Court (ECF Nos. 68, 69);

WHEREAS, on August 23, 2023, the Court entered a protective order to govern JPM's production of documents in response to Petitioner's subpoena (ECF No. 73, the "**JPM Protective Order**"). JPM thereafter produced documents to SPS responsive to certain of the requests in SPS's subpoena;

### Amended Application For Barclays NY Subpoena

WHEREAS, on April 26, 2023, Petitioner filed an amended application for an order pursuant to 28 U.S.C. § 1782 (ECF No. 48, the "**Amended Application**") to serve a proposed subpoena on Barclays NY (the "**Subpoena**"). The same day, a copy of the Subpoena, which was substantively identical to the subpoena authorized by the *Ex Parte* Order and previously served on Barclays USA, was filed on the docket as Exhibit A to Petitioner's proposed order granting the Amended Application (ECF No. 51-1);

WHEREAS, on May 1, 2023, Petitioner served Barclays NY with copies of the Amended Application and related papers (including a copy of the Subpoena) (ECF No. 53). Barclays NY did not make a formal appearance in this action or otherwise oppose the Amended Application;

WHEREAS, on May 19, 2023, Intervenors filed papers in opposition to the Amended Application (ECF Nos. 56-59), to which Petition replied on June 1, 2023 (ECF Nos. 63-65);

### Second Memorandum Opinion and Appeal

WHEREAS, on March 4, 2024, the Court issued a memorandum opinion overruling Intervenors' opposition, granting the Amended Application, and ordering that "Barclays NY shall comply with the subpoena and produce the discovery requested to SPS. The parties shall confer with respect to whether any protective or confidentiality order is warranted and, if so, submit a proposed order to the Court." (ECF No. 75, the **"Second Memorandum Opinion"**);

WHEREAS, on March 26, 2024, Intervenors filed a notice of appeal to the United States Court of Appeals for the Second Circuit from the Second Memorandum Opinion "and all prior orders entered in this case, including the [*Ex Parte* Order] and the [First Memorandum Opinion]" (ECF No. 77) (**"Appeal"**). As of the date hereof, that appeal remains pending and no stay of the Second Memorandum Opinion has been granted by this Court or the Second Circuit;

### Barclays NY Protective Order

WHEREAS, on March 4, 2024, Barclays NY (hereinafter **"Respondent"**) accepted service of the Subpoena, and on March 18, 2024 provided Petitioner with written responses and objections thereto;

WHEREAS, by the Second Memorandum Opinion, Respondent has been required, subject to its objections and responses, to produce certain documents in response to the Subpoena concerning one or more of four entities, Unifleisch Limited, Unifleisch SA, Lunsville International Inc. and Valdarco Investments Inc. (each, a **"Target Company"** and together, the **"Target Companies"**);

WHEREAS, certain of the documents Respondent has been required to produce may reflect information that one or more of Respondent, Petitioner, the Intervenors, and any other person or entity that executes an agreement to be bound by this Protective Order in the form

attached hereto as Exhibit A (each a "**Party**" and, collectively, the "**Parties**") believe is confidential and should be protected from public disclosure;

WHEREAS, in accordance with the Second Memorandum Opinion, the Parties have met and conferred with respect to whether any protective or confidentially order is warranted, and if so what the terms of such an order should be;

WHEREAS, Petitioner proposed a protective order that was substantively identical to the JPM Protective Order;

WHEREAS, the Intervenors refused to consent to Petitioner's proposed order without certain changes, all but one of which Petitioner agreed to make and are reflected in this order. Nevertheless, Intervenors have refused to consent to this revised form of order, however, Respondent has not objection to its entry;

WHEREAS, for good cause shown, the Court enters this order (the "**Protective Order**").

THEREFORE IT IS HEREBY ORDERED:

1. This Protective Order is intended to cover documents Respondent has been required to produce pursuant to the *Ex Parte* Order and in response to the Subpoena (such documents and the information they contain shall be referred to hereinafter as the "**Discovery Material**"). The Parties acknowledge the confidentiality protections that this Protective Order affords to that Discovery Material which, in accordance with the provisions hereof, (a) Respondent has designated as "Confidential" and (b) such designation has not been subsequently withdrawn by Respondent, overruled by the Court, or otherwise nullified as a result of such designated Discovery Material entering the public domain by means other than as a result of being disclosed by a Party in violation of this Protective Order (such Discovery Material, including any copies thereof and any information copied, extracted, excerpted,

6

summarized, compiled or otherwise derived exclusively therefrom, shall be referred to hereinafter as the "**Confidential Material**"). For the avoidance of doubt, this Protective Order is not intended, and shall not be deemed, in any way (i) to limit Respondent's obligation to produce all Discovery Material it is required to produce pursuant to the *Ex Parte* Order and in response to the Subpoena, subject to Respondent's objections and responses, (ii) to impose an obligation on any Party to assert the privileges, rights or interests of any other Party or Target Company, or (iii) to authorize any Party to assert the privileges, rights or interests of any other Parties or Target Companies that such Party is not authorized to assert under applicable law.

2. Respondent may designate any Discovery Material as "Confidential" if, in Respondent's good faith judgment, it believes such Discovery Material to contain non-public and confidential trade secrets, valuable research, development, commercial, financial, and/or proprietary information and information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, thereby necessitating special protection from public disclosure. Respondent shall designate any Discovery Material as "Confidential" before producing it; *provided, however*, that any Discovery Material produced by Respondent without being designated as "Confidential" thereafter (a) may be designated as "Confidential" by Respondent, if in Respondent's good faith judgment its failure to designate it as Confidential prior to production was inadvertent, which designation shall be effectuated by Respondent providing notice to the Parties (email to counsel shall suffice) identifying the Discovery Material to be designated, after which the Discovery Material identified shall constitute Confidential Material hereunder, or (b) shall be designated as "Confidential" if such designation is ordered by the Court following a successful challenge to the lack of designation by a Party in accordance with the procedure set forth in Paragraph 8 below. Except to the extent

a "Confidential" designation has been ordered by the Court in accordance with the foregoing clause (b), at any time after Respondent designates Discovery Material as Confidential, Respondent may withdraw such designation by providing notice to the Parties (email to counsel shall suffice) identifying the Discovery Material to be de-designated, after which the Discovery Material identified shall no longer constitute Confidential Material hereunder.

3. Parties may use Confidential Material only in connection with (1) the Brazilian Proceedings, (2) this Action, (3) any other pending or contemplated proceeding, as long as the Party using such material has obtained a prior ruling from this Court authorizing the use of Confidential Material in such proceeding, and/or (4) the submission of material to the Federal Prosecutor's Office of Brazil (the Ministério Público Federal or "**MPF**") by a Party that believes, in good faith, that the Confidential Material to be provided to MPF, alone or together with other material or information that has been or is being provided, evidences a violation of Brazilian criminal law, as long as the Party using such material has obtained a prior ruling from this Court authorizing the use of Confidential Material before the MPF.

4. To minimize the risk of its unauthorized disclosure, use or dissemination, Confidential Material shall be disclosed by a Party only to those persons or entities (each, a "**Qualified Person**" and, collectively, "**Qualified Persons**") reasonably necessary or appropriate to effectuate the use of such material permitted by Paragraph 3 above. Without limiting the generality of the foregoing, Qualified Persons shall include the following:

    (a)    Each Party hereto, including, with respect a Party that is an entity, (i) its managing officers and/or control persons, (ii) its attorneys (both in-house and external counsel) and their respective secretarial and paralegal staff, employees and retained consultants or advisors and (iii) to the extent such

        Party determines in good faith that their assistance is reasonably necessary to assist it in permitted use of Confidential Material under this Protective Order, any of such Party's other employees and retained consultants or advisors but only to such extent; provided, that, before any such retained consultants or advisors can receive Confidential Material they must agree to be bound by this Protective Order by executing Exhibit A hereto and returning an executed copy to the Party intending to provide them with Confidential Material; provided further, that such Party shall provide a copy of each such executed Exhibit A it receives to Respondent and, upon request of the Court, to the Court and to any other Party as the Court may direct;

(b)    The CVM, solely through the established channels for submission of information or documents to the CVM, for purposes of commencing or otherwise participating in the Brazilian Proceedings;

(c)    The court or tribunal overseeing any proceeding other than the Brazilian Proceedings or this Action, or the MPF, before which the use of Confidential Material has been approved by order of this Court, solely through the established channels for submission of information or documents to such court or tribunal, for purposes of commencing or otherwise participating in such proceeding;

(d)    The original author or recipient of the Confidential Material being disclosed; provided, that, before any such individuals can receive Confidential Material they must agree to be bound by this Protective

      Order by executing Exhibit A hereto and returning an executed copy to the Party intending to provide them with Confidential Material; and

 (e) Any other entity or person agreed to by all Parties in advance in writing, or upon order of the Court, and on such conditions as may be agreed or ordered;

*provided, however*, that any Party making a disclosure of Confidential Material to a Qualified Person pursuant to this Paragraph 4 must give each Qualified Person a copy of this Protective Order before or at the same time as it discloses Confidential Material from any Party and inform the Qualified Person that the material has been designated as Confidential Material pursuant to this Protective Order. For the avoidance of doubt, and in all respects subject to Paragraph 6 below, in the event a Qualified Person identified in Paragraphs 4(a), (d) or (e) above receives Confidential Material in compliance with the foregoing provisions and thereafter discloses it to a non-Qualified Person, uses it in connection with a proceeding other than as set forth in Paragraph 3 above, or disseminates it into the public domain, the Party who provided such Confidential Material to such Qualified Person has not, and shall not be deemed to have, violated this Protective Order unless the Court finally determines, after notice and an opportunity to be heard, that such Party provided the Confidential Material to such Qualified Person in bad faith or with the intention or actual knowledge that such Qualified Person would use or disclose such material in violation of this Protective Order.

 5. All Confidential Material filed with or otherwise provided to the Court, including all portions of pleadings, motions or other papers filed in this Action that contain such Confidential Material, shall be filed under seal with the Clerk of the Court or with redactions narrowly tailored to address the material in question in accordance with the procedures set forth

in this Court's Individual Practices. The Court will make a determination of whether any Confidential Material so-filed or provided can remain sealed or redacted.

6. Within three (3) days after providing any Confidential Material to the CVM, MPF or any other court or tribunal in accordance with Paragraph 4 above, the Party providing such Materials shall provide written notice to all other Parties (by email to their respective counsel) that Confidential Material and this Protective Order have been provided to the CVM, MPF or other court or tribunal (as the case may be). Such written notice shall identify and describe the form and substance of any Confidential Material provided to the CVM, MPF or other court or tribunal. For the avoidance of doubt, this Protective Order is not intended, and shall not be deemed, (i) to direct or limit the use of Confidential Material by the CVM, MPF or any other court or tribunal following its receipt thereof, or (ii) to prevent or limit any Party's use, disclosure or dissemination of Discovery Material that was originally provided as Confidential Material to the CVM or other court or tribunal by a Party in compliance herewith and thereafter made publicly available by the CVM or other court or tribunal (as the case may be).

7. Notwithstanding anything else in this Order, the disclosure restrictions set forth herein shall not apply to prevent or in any way limit a Party's disclosure, use or dissemination of any Discovery Material, regardless whether such material has been or continues to be designated as Confidential by Respondent, if such Discovery Material (a) was in the public domain when originally produced by Respondent or (b) subsequently, by any means other than as a result of being disclosed, used or disseminated in violation of this Protective Order by such Party, (i) became part of the public domain or (ii) came into the possession of such Party from a source other than Respondent or a Qualified Person in possession of such material solely by virtue of this Protective Order.

8.	Petitioner or Intervenors (in such capacity, the "**Challenging Party**") may challenge Respondent's designation or non-designation of any Discovery Material as Confidential by first giving notice of such challenge to and conferring with counsel for Respondent and counsel for Petitioner or Intervenors (whichever is the non-Challenging Party). If such a challenge cannot be resolved within seven (7) days after giving such notice, the Challenging Party may file a motion, with notice to all Parties and an opportunity to be heard (ECF or direct email to counsel shall suffice), seeking the Court's permission to remove or change the confidentiality designation; provided, however, that any such motion filed by Intervenors as the Challenging Party, and any opposition (by filing or otherwise) by Intervenors to such a motion by Petitioner as the Challenging Party, shall be accompanied by a sworn statement by each Intervenor under penalty of perjury describing his/its relationship during the period for which documents are requested in the Subpoena with or to each Target Company to which the material in question relates, including, without limitation, a declaration with respect to each such Target Company that such Intervenor did or did not have a beneficial ownership interest in and/or ability to exercise direct or indirect control over such company at any time during such period. For the avoidance of doubt, the motion by any Challenging Party should comply with Paragraph 5 above, and all Parties shall continue to treat the material in question as Confidential Material hereunder if previously designated as such, or as non-Confidential Material if not previously so designated until the Court rules on the motion. Subject to any conditions the Court may impose, immediately upon this Court ruling that (a) any Discovery Material previously designated by Respondent as Confidential is not Confidential or entitled to protection under this Protective Order, such Discovery Material shall no longer constitute Confidential Material hereunder; and (b) any Discovery Material not previously designated by

12

Respondent as Confidential is Confidential and entitled to protection under this Protective Order, such Discovery Material shall constitute Confidential Material hereunder.

9. If Respondent discloses Discovery Material to a Party that Respondent believes in good faith is subject to a claim of attorney-client privilege, attorney work product protection or any other privilege or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. The treatment of Inadvertently Disclosed Information shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, and any other applicable Federal Rules or local rules.

10. If Respondent discloses Discovery Material without designating it as Confidential at the time of disclosure that Respondent subsequently believes in good faith can and should be designated as Confidential in accordance with Paragraphs 1 and 2 above, such disclosure shall not constitute or be deemed a waiver of the protections for Confidential Material in this Protective Order. In such circumstance, Respondent may notify all Parties that Discovery Material was inadvertently produced without a Confidential designation and provide new copies of the documents with a Confidential designation, and the documents shall thereafter be treated as Confidential Material in accordance with this Protective Order. For the avoidance of doubt, a Party that receives Discovery Material not designated as Confidential at the time it is received (a) has no obligation to treat it as Confidential pursuant to this Order unless and until the Party receives written notice from Respondent (email to counsel shall suffice) that identifies such material as Confidential Material, and (b) shall not be in violation of this Order as a result of disclosing, using or disseminating such material in a manner prohibited with respect to

Case 1:22-mc-00118-LAK   Document 89   Filed 05/02/24   Page 13 of 13
Case 1:22-mc-00118-LAK   Document 87-1   Filed 05/01/24   Page 13 of 16

13

Confidential Material under this Order prior to receiving such notice.

11. Prior to disclosing any Discovery Material (including any Confidential Material) to a Qualifying Person in accordance with Paragraphs 3 and 4 above, a Party shall use its reasonable best efforts to redact from such material all information contained therein for which redaction would be required prior to such material being filed with this Court pursuant to Federal Rule of Civil Procedure 5.2; *provided, however,* that a Party who discloses such material without required redactions shall not be in violation of this order if the failure to redact was inadvertent or the Party did not act in bad faith in disclosing the material without redaction.

12. The Court retains jurisdiction over the Parties and their respective US counsel for purposes of enforcement of this Protective Order.

12. Any Party may apply for modification of this Order upon good cause shown.

13. Respondent will commence production pursuant to the Subpoena within seven (7) days following entry of this Protective Order to both Petitioner and Intervenors at the same time.

SO ORDERED.

Dated: _May 2_, 2024

_____
United States District Judge